WILLIAM R. CLARK & another *vs.* WASHINGTON INSURANCE COMPANY.

SAME *vs.* NEPTUNE INSURANCE COMPANY.

SAME *vs.* MERCANTILE MARINE INSURANCE COMPANY.

One who has taken and caused to be recorded a bill of sale of a vessel, absolute in form, but intended only as collateral security, and who has never taken the control or the management of her, can recover on a policy insuring against " barratry of the master, unless the insured be owner of the vessel," although he has charged the premium to the real owner, if such charge has been without the owner's authority.

Clark & another *v.* Washington, Neptune & Mercantile Marine Insurance Companies.

Fraudulently running a vessel on shore, and causing survey, condemnation and sale, constitute barratry of the master, and furnish ground of abandonment to the insurers for a total loss.

CONTRACT upon policies of insurance on the schooner Lena issued in February and May 1866, by the defendants in the respective suits to the plaintiffs, Clark & Woodward. The insurance effected by each policy was, among other things, against " barratry of the master, unless the insured be owner of the vessel."

At the trial in this court, before *Hoar,* J., the plaintiffs introduced evidence tending to show that they procured such insurance, and that it was intended for themselves and for the firm of J. Baker & Company; that the schooner Lena was originally owned by Josiah French, to whom advances had been made by the plaintiffs and J. Baker & Company; that, to secure these advances, French, on September 29, 1865, made to the plaintiffs a bill of sale of the schooner absolute in form; that this bill of sale was intended as security for the amount of French's indebtedness to the plaintiffs and to J. Baker & Company; that the plaintiffs caused the schooner to be registered in their own name; that while the advances were being made, and to secure the plaintiffs, a mortgage prior to the bill of sale had been made to the plaintiffs; that when the bill of sale was made, as above mentioned, it was agreed between the plaintiffs and French and J. Baker & Company that the claims of the plaintiffs and of J. Baker & Company should thereby be secured *pro rata;* and it was also agreed between the plaintiffs and J. Baker & Company that the plaintiffs should procure insurance upon the vessel for the benefit of themselves and J. Baker & Company, but that no notice was given to the insurers of the bill of sale being intended as collateral security, or that the plaintiffs were to be insured otherwise than as owners; that French retained the possession and control of the schooner, victualling, manning and sailing her at his own expense; that on or about November 10 1865, French sent her to the Bay of Islands; that while there, on or about June 9, 1866, the schooner was purposely and fraudulently run on shore by the master; that the master fraud-

ulently procured a survey and condemnation of the vessel and cargo, and that a sale, or pretended sale, was fraudulently made by him on the next day, he acting as auctioneer without any authority therefor; that at this sale the schooner was struck off for $350, and the cargo for $50, and bills of sale were given to the purchaser, the master himself being interested in the purchase; that on the same day, immediately after the sale, the vessel, being but slightly injured, was got off and carried away by the purchaser; and that, on receiving information of the above, an abandonment was made by the plaintiffs, which the defendants refused to accept.

The plaintiffs' accounts with French were also introduced in evidence, in which it appeared that they had charged French with the amounts paid for premiums on the policies in suit. No part of the price for which the schooner and cargo were struck off had ever been paid or accounted for by the master to any one, nor was the vessel ever restored to the plaintiffs, or to French, but was again wrecked and sold while in the employ of the purchaser.

The defendants moved the court to nonsuit the plaintiffs upon the grounds: that the assured were to be deemed the owners of the vessel, and so the barratry of the master was not covered by the policies; that the insurance, upon the foregoing facts, must be deemed to have been made as well for French as for the plaintiffs and J. Baker & Company; and that upon the evidence no loss was sustained by the plaintiffs, because the sale of the vessel was illegal and passed no property.

The court refused to order a nonsuit, and thereupon the defendants alleged exceptions, and the case was sent to the jury merely upon the question of damages.

*E. D. Sohier*, for the defendants.

*S. Bartlett & H. A. Scudder*, for the plaintiffs.

CHAPMAN, C. J It appears that the bill of sale from French to the plaintiffs, though absolute in form, was given merely as collateral security for a debt, and that the plaintiffs had never taken possession of the vessel, but French retained possession. Parol evidence is admissible to show the true character of such

a transaction. *Howard* v. *Odell,* 1 Allen, 85. *Blanchard* v *Fearing,* 4 Allen, 118.

The plaintiffs had an insurable interest as mortgagees, distinct from that of French. He had no interest in the policy, and they had no right to charge the premium to him. *King* v. *State Insurance Company,* 7 Cush. 1. *Suffolk Insurance Company* v. *Boyden,* 9 Allen, 123. The mere charge of the premium to him, without his authority or knowledge, was a void act.

The insurance was against the barratry of the master " unless the assured be owner of the vessel." The object of such a clause is to protect the insurer against fraud on the part of the agent of the assured. But the vessel having been sent out by French, he is to be regarded as owner *pro hac vice. Soares* v. *Thornton,* 7 Taunt. 627. *Cutler* v. *Winsor,* 6 Pick. 335. The master having been appointed by him, was his agent, and not the agent of the plaintiffs.

Fraudulently running the vessel on shore, causing survey, condemnation and sale, constituted a barratry of the master. *Goram* v. *Sweeting,* 2 Wms. Saund. 202, n. 13. *Jones* v. *Nicholson,* 10 Exch. 28. It furnished ground of abandonment for a total loss. *Dixon* v. *Reid,* 1 D. & R. 207 ; *S. C.* 5 B. & Ald. 597. *Judgment for the plaintiffs on the verdict.*