HOWES RYDER & another *vs.* PHŒNIX INSURANCE COMPANY.

An action on a policy of insurance, issued to a "barque and owners," on the barque, was submitted to the court on agreed facts, in which it was stated that the plaintiffs had prior insurance on the barque, against the same risks, to the full amount of its value; and it was thereupon adjudged that the policy, in accordance with a condition on its face, never attached; and, by agreement of parties, entry was made of judgment for the plaintiffs for a return of the premium and judgment satisfied. Six weeks afterwards, the plaintiffs filed both a motion to vacate the judgment, and a petition for a writ of review, on the ground that the policy had been taken out, in fact, though not in form, partly for the benefit, and at the request, of the equitable owners of five sixteenths of the barque; that the interest of these owners had not been insured to its full value; that these owners were liable to the plaintiffs for advances, for which the plaintiffs held the legal title to the vessel as security; that, until after entry of the judgment, and until informed by their counsel. the plaintiffs had supposed that the insurable interest of the equitable owners was an amount equal to five sixteenths of the value of the vessel deducting the said advances, and that this amount had been fully insured before taking out the policy in question. *Held,* that, as all the facts in the case had always been within the knowledge of the plaintiffs, they showed no cause for vacating the judgment or granting a review.

GRAY, J. The claim of the plaintiffs on the policy of insurance for $7800, issued by the defendants to "Barque Dreadnaught and Owners," upon that barque, valued at $30,000, was heretofore submitted to the judgment of this court upon facts agreed by the parties, in which it was stated that the plaintiffs had prior insurance subsisting on the vessel against the same risks to the full amount of its value; and it was thereupon adjudged that the defendants' policy, by reason of the condition on its face, never attached, and that the plaintiffs were entitled to a return of premium. *Ryder* v. *Phœnix Insurance Co.* 98 Mass. 185. In accordance with that decision, and with an agreement filed by the parties, an entry was made upon the record, of judgment for the plaintiffs for the amount of the premium and judgment satisfied. Six weeks after that entry, the

plaintiffs moved to vacate the judgment and discharge the statement of facts; and, upon a doubt being suggested as to the proper form of proceeding, also filed a petition for a review o' the judgment,

The grounds assigned for this motion and petition are, that the equitable owners of the barque had bound themselves by agreement in writing to take their shares therein, and had paid towards the purchase thereof the sum of about $18,000, and the plaintiffs had given their own notes for the balance of the purchase money, amounting to about $13,000, and had advanced about $9000 as ship's husbands, for outfits and expenses; that Crawley, one of the plaintiffs, held the legal title of the vessel in trust for the equitable owners and as security for the repayment of the sums so advanced by the plaintiffs; that, of the prior insurance obtained by the plaintiffs and subsisting at the time of the loss of the vessel, $40,800 was on behalf of Barque Dreadnaught and Owners, and $6400 on behalf of the Smiths, equitable owners of five sixteenths of the barque; that the insurance obtained by the plaintiffs from the defendants was upon the interests of Barque Dreadnaught and Owners to the amount of $5000, and of the Smiths to the amount of $2800, in fact, though not in form; that the plaintiffs were expressly authorized by the Smiths to obtain the insurance of $6400 and $2800 specially effected in their behalf, but had no instructions or authority, other than may be inferred from the above facts, to insure at the expense of the Smiths or other equitable owners the advances of the plaintiffs for outfits and expenses and purchase money; that the value of the interests of the Smiths, according to the valuation in the defendants' policy, was five sixteenths of $30,000, or $9375, and that, the authorized prior insurance on those interests being only $6400, the $2800 insured thereon by the defendants might be recovered, notwithstanding the condition on the face of the policy; that the plaintiffs, until about the time of filing the motion to vacate the judgment, (when they were informed of their error by their counsel in consultation upon another matter,) supposed and believed that the insurable interests of the Smiths were only five sixteenths of

the value remaining after deducting the amount of the plaintiffs' advances, which interests would not exceed the amount of the prior insurance thereon; and that the statement of facts was agreed upon in consequence of that error.

The prior insurance obtained by the plaintiffs for Barque Dreadnaught and Owners was in terms sufficient to cover the equitable as well as the legal title, if the plaintiffs were authorized to insure the interests of the equitable owners.

It is found as matter of fact, not only that the plaintiffs, in effecting such insurance, intended to cover their own interest as security for their advances as ship's husbands and for the notes given by them for part of the purchase money; but that they understood that a proportion of the premiums paid for such insurance was to be charged to the equitable owners upon a final settlement with them, and that in case of a loss the payment of such insurance to the plaintiffs would inure to the benefit of the equitable owners by discharging their liability to the plaintiffs; and that the plaintiffs supposed that the insurance, obtained by them in the names of the Smiths separately, covered only the remaining interest of the latter as equitable owners, after deducting the amount of the plaintiffs' advances. It is manifest, from these facts, that the plaintiffs understood and intended that the prior insurance obtained by them in behalf of the vessel and owners should cover the interests of the equitable owners as well as of themselves to the extent of their advances.

No express authority to the plaintiffs to insure the interest of the equitable owners being proved, so far as this part of the insurance was concerned, it is more doubtful whether such an authority could be implied from the mere relations of the plaintiffs as trustees, pledgees and ship's husbands. *French* v. *Backhouse*, 5 Burr. 2727. *Suart* v. *Welch*, 4 Myl. & Cr. 320. *Foster* v. *United States Insurance Co.* 11 Pick. 85. *Martin* v. *Fishing Insurance Co.* 20 Pick. 389. *Finney* v. *Warren Insurance Co.* 1 Met. 16. *Clark* v *Washington Insurance Co.* 100 Mass. 509. *Insurance Co.* v. *Chase*, 5 Wallace, 509.

But we have not found it necessary to determine this question; for the facts upon which it depends were peculiarly within

the knowledge of the plaintiffs, and the legal effect thereof upon their rights might easily have been ascertained before submitting the case to the judgment of the court. To allow them to be shown after a case has been formally submitted and argued to the full court upon a statement of facts agreed, and final judgment ordered and entered, would be to establish a precedent which would encourage negligence and promote litigation. We are therefore of opinion that the plaintiffs show no cause for vacating the judgment or granting a review. *Clark* v. *Brigham*, 22 Pick. 81. *Taylor* v. *Columbian Insurance Co.* 14 Allen, 353. *Gayler* v. *Wilder*, 10 How. 509. *Young* v. *Keighley*, 16 Ves. 348. *Motion overruled, and petition dismissed.*

*R. H. Dana, Jr. & L. S. Dabney*, for the plaintiffs, to the point that relief will be granted for a mistake in law, cited *Lansdown* v. *Lansdown*, Moseley, 364; *Evants* v. *Strode*, 11 Ohio, 480; *Canedy* v. *Marcy*, 13 Gray, 373; *Starkweather* v. *Loomis*, 2 Verm. 573; *M'Fadden* v. *Otis*, 6 Mass. 323; *Champion* v. *Brooks*, 9 Mass. 228; *Bowditch Insurance Co.* v. *Winslow*, 3 Gray, 424; Story Eq. (8th ed.) §§ 138 a, et seq.

*B. R. Curtis & G. L. Roberts*, for the defendants.