MERCANTILE MARINE INSURANCE COMPANY *vs.* WILLIAM R. CLARK & another.

Suffolk.   March 8. — Sept. 6, 1875.   COLT & AMES, JJ., absent.

The mortgagee of a vessel, who had never been in possession, recovered in an action against marine underwriters, upon a policy insuring his interest, judgment for a total loss by the barratry of the master appointed by the mortgagor, and afterwards recovered judgment in an action of tort for the conversion of the vessel by the same act of barratry.   Both judgments were satisfied.   *Held*, that the underwriters were entitled to be subrogated to the rights of the mortgagee in the damages recovered by him for the injury to his interest in the property; and that this right was not affected by their refusal, while the action of tort was pending, to accept an offer by the mortgagee to transfer the control of that action to them upon the condition that they should pay the expenses already incurred therein and without prejudice to rights of the mortgagor in the judgment to be recovered.

CONTRACT against William R. Clark and Harrison E. Woodward to recover a proportion of the amount received by them in satisfaction of the judgment in the case of *Clark* v. *Wilson*, 103 Mass. 219.   At the trial in this court before *Endicott*, J., the case was withdrawn from the jury and reserved for the determination of the full court on a report the substance of which appears in the opinion.

*C. A. Welch,* for the plaintiff.

*S. Bartlett & E. H. Abbot,* for the defendants.

GRAY, C. J.   Clark and Woodward, the defendants, holding a bill of sale of a vessel, absolute in form, but intended only as a mortgage, and having never been in possession of the vessel, obtained policies on their interest from three different underwriters; and were held to have such a distinct interest in the vessel as to entitle them to maintain actions thereon against the underwriters for a loss by barratry of the master appointed by the mortgagor, although the policies exempted the underwriters from liability for barratry when the assured was owner of the vessel and appointed the master; *Clark* v. *Washington, Neptune & Mercantile Ins. Cos.* 100 Mass. 509; and thereupon recovered judgment against the underwriters and received payment thereof from them (as stated in the report now before us) " as and for a total loss."

By reason of their title as such mortgagees, they also recovered judgment in an action of tort in the nature of trover for the conversion of the vessel by the same act of barratry; *Clark* v. *Wilson,* 103 Mass. 219; and were paid the amount of that judgment also.

One of the underwriters now sues them for a proportion of the amount so received under the judgment in the action of tort.

It is admitted by the defendants and is shown by the cases cited in 103 Mass. 222, that the payment of a total loss by marine insurers to the owner of a vessel would entitle them to the proceeds of any action for the tort which caused the loss.   See also *Hall* v. *Railroad Co.* 13 Wall. 367.

We are of opinion that a mortgagee, having such a distinct interest in the property as to entitle him to insure that interest, and to maintain an action in the nature of trover for its conversion, stands in this respect upon the same ground as an absolute owner, except so far as the rights of the mortgagor may be affected by such subrogation.   This was admitted to be so, in the case of marine insurance, by Chief Justice Shaw in *King* v. *State Ins Co.* 7 Cush, 1, 12, cited for the defendants.   The underwriter does not ask for an assignment of the mortgage, but to be subrogated to the rights of the mortgagees in the damages recovered by them for the injury to their interest in the property.

The offer of these defendants to transfer to the underwriters the control of the action of tort was made upon the condition that the underwriters should pay an indefinite amount of expenses already incurred therein, and without prejudice to any rights of the mortgagor in the judgment to be recovered. The refusal of an underwriter to accept such an offer cannot prejudice his rights against the mortgagees.

The question of the amount for which the defendants are to be charged in this action has not been argued by them, and may be raised before the assessor. According to the terms of the report upon which the case has been reserved for our consideration, there must be

*Judgment for the plaintiff; case referred to an assessor.*