DAVID L. DEARBORN *vs.* SUSAN L. MATHES, administratrix.

Essex.   Nov. 8, 1878. — Jan. 12, 1880.   ENDICOTT & LORD, JJ., absent.

An administrator, acting under letters of administration issued in another state, brought an action in this Commonwealth to recover a debt due his intestate, and obtained a verdict. After verdict, the defendant moved for a new trial on the ground that he had discovered since the verdict that letters of administration had not been taken out in this Commonwealth. This motion was overruled; and, after the plaintiff had taken out letters of administration here, judgment was entered on the verdict. *Held,* that a petition for a writ of review was rightly refused.

PETITION, filed June 12, 1877, to the Superior Court for a writ of review of a judgment recovered in that court by the defendant in review against the plaintiff in review. Trial in the Superior Court, before *Colburn,* J., who allowed a bill of exceptions in substance as follows:

The original action, which was an action of contract to recover a sum alleged to be due from the defendant to the plaintiff's intestate, was commenced on May 18, 1876, and was duly entered at June term 1876. The defendant by his counsel duly appeared and answered. It was tried by the court without a jury, and a verdict was rendered for the plaintiff for $1728.83. At the time the action was commenced the plaintiff had not taken out administration on her intestate's estate in this Commonwealth, but was acting under letters of administration granted in New Hampshire. But this was not apparent on the face of the pleadings, and the defendant did not discover it until after trial and verdict. After verdict, the defendant filed a motion for a new trial, setting forth, among other grounds, that

no administration had been granted to the plaintiff in this Commonwealth, and notified the plaintiff's counsel of the filing of this motion, but by mistake failed to file with him a copy of the motion within four days after verdict, as required by law. The motion was for this reason overruled by the court, on May 26, 1877, without a hearing on its merits, and judgment was rendered for the plaintiff on June 11, 1877. After verdict and before final judgment, the plaintiff applied to the Probate Court of this county to be appointed administratrix of her intestate's estate in this Commonwealth, and she was duly appointed as such on September 25, 1876.

The plaintiff in review contended, and asked the judge to rule, as follows: "1. The plaintiff in the original action not having taken out administration in this Commonwealth at the time of the commencement of the action, the proceedings and judgment in said action were and are absolutely void, and incapable of being remedied by waiver or otherwise. The petitioner is therefore entitled to a review as a matter of law. 2. The subsequent appointment of the plaintiff as administratrix, after verdict and before judgment, is immaterial, and does not render the proceedings and judgment in said action valid. 3. There was no waiver by the defendant of the defect in the proceedings." But the judge refused so to rule; and ruled, as contended by the defendant in review, that the defect in the proceedings in the original action, arising from the failure of the plaintiff to take out administration in this Commonwealth before the action was brought, was remedied by the subsequent appointment of the plaintiff as administratrix before final judgment in the action; and ordered the petition to be dismissed. The plaintiff in review alleged exceptions.

*H. H. Currier*, for the plaintiff in review.

*E. F. Stone*, for the defendant in review.

GRAY, C. J. The objection that the original action could not be maintained, for want of the issue of letters of administration to the plaintiff in this Commonwealth before it was brought, could not be availed of without being pleaded, and affected only the capacity of the plaintiff to sue, and not the jurisdiction of the court. *Langdon* v. *Potter*, 11 Mass. 313. *Wooldridge* v. *Bishop*, 7 B. & C. 406.

As the objection might have been, and was not, taken before verdict, it could be made a ground for a new trial only at the discretion of the presiding judge, and not as a matter of right; and a ruling thereon, at that stage of the cause, though a ruling in matter of law, could not be brought to this court for revision, either by bill of exceptions or by report of the judge. *Kidney* v. *Richards*, 10 Allen, 419. *Aldrich* v. *Springfield, Athol & Northeastern Railroad*, 125 Mass. 404. Upon a petition for review, which is in substance and effect an application for a new trial after judgment, the right of exception must be equally limited. The cases in which this court has entertained exceptions to rulings on motions for a new trial or petition for a review have been of questions of law affecting the jurisdiction and powers of the court below over the petition or motion, or the admissibility of evidence at the hearing thereon, or which could not have been raised before the verdict. *Davenport* v. *Holland*, 2 Cush. 1, 11. *Boston* v. *Robbins*, 116 Mass. 313, 315. *Tripp* v. *Brownell*, 2 Gray, 402. *Woodward* v. *Leavitt*, 107 Mass. 453, 460. *Commonwealth* v. *Tobin*, 125 Mass. 203, 208.

It may be added that, letters of administration having been actually taken out in this Commonwealth before judgment, the original defendant is in no danger of suffering any injustice, for those letters relate back to the death of the intestate, at least in such sense as to oblige the plaintiff to account in the regular course of administration for anything received under the judgment. *Alvord* v. *Marsh*, 12 Allen, 603. *Hatch* v. *Proctor*, 102 Mass. 351.                              *Exceptions overruled.*