JOHN M. O'NEILL *vs.* COUNTY OF WORCESTER.

Worcester.    November 20, 1911. — January 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Judge's findings of fact, Exceptions.    *Dog Officer.    Officer.    Statute,* Construction.

No exception lies to the refusal of a judge before whom an action at law is tried without a jury to make particular findings of fact. In the present case the findings of the judge contrary to those requested were warranted by the evidence.

Under R. L. c. 102, § 143, a bill for services as a dog officer in a city must be approved by the mayor of the city as a condition precedent to payment by the county treasurer.

Under R. L. c. 102, § 143, requiring that a bill for services as a dog officer in a city shall be approved by the mayor of the city as a condition precedent to payment, the approval of such a bill by the person who was the mayor of the city when the services were rendered, given after he has ceased to be such mayor, is of no effect.

Under R. L. c. 102, § 143, as amended by St. 1907, c. 240, and St. 1908, c. 182, providing that a dog officer shall hold office for one year or until his successor is appointed and qualified, and that in cities of twenty-five thousand inhabitants, or more, such officers "shall be paid the same wages per diem during the term of their employment which the regular police officers of such cities receive," the wages of such an officer are to be paid by the day during the term, not of his office, but of his actual employment as such dog officer, and the subsequent amendment of the statute by St. 1911, c. 391, limiting the compensation of dog officers to the time actually employed, is merely declaratory of the meaning of the statute amended.

CONTRACT for services as a dog constable of the city of Fitchburg under R. L. c. 102, §§ 143, 144, as amended by St. 1907, c. 240, and St. 1908, c. 182.    Writ dated July 5, 1910.

The declaration as amended by substitution contained three counts, the first count on an account annexed for services as dog constable from October 1, 1908, to January 1, 1909, ninety-two days at the rate of $2.75 a day, $253, the second count on an account annexed for services as dog constable from January 1, 1909, to January 1, 1910, three hundred and sixty-one days at $2.75 a day, $992.75, and the third count, a special one, setting forth the plaintiff's appointment, alleging the performance of services and approval of his bills by the mayor of the city of Fitchburg, and claiming the sum of $1,245.75.

The defendant's answer contained a general denial, and, by amendment, an allegation that the bills of the plaintiff as dog officer were not duly and properly approved by the mayor of the city of Fitchburg.

In the Superior Court the case was tried before *King*, J., without a jury. The judge made a memorandum of decision, which included the following findings:

"The plaintiff was appointed a constable in Fitchburg on January 6, 1908, for one year, or until his successor was (or should be) appointed and qualified. On January 4, 1909, he was reappointed for a like period or term. He duly qualified and served for each term. July 7, 1908, a warrant was issued to him by the mayor of that city, directing him forthwith to kill, or cause to be killed, all dogs within said city, not duly licensed and collared according to law, and to make due return of the warrant and his doings thereunder on or before October first of that year. He made return thereof and was paid for his services rendered, to October 1, 1908. . . . The plaintiff claims wages for every day, Sundays included, from October 1 to December 31, 1908, at $2.75 per day, that being the per diem wage at the time of regular police officers in Fitchburg.

"The plaintiff's bill for services for the period in question was not approved by the mayor of Fitchburg, but it was attempted to be approved May 28, 1910, not by the mayor at that time, but by the man who was mayor in 1908.

"The court finds and rules: That the plaintiff cannot recover in this action any wages from October 1 to December 31, 1908, because his bill for such services has not been approved according to law; that no recovery can be had under the first or second count of the declaration because recovery is sought under and by virtue of a statute, and the facts are not specially and sufficiently pleaded in either of said counts and as necessary to fix a liability upon defendants. . . .

"If it is material, the court finds that the plaintiff did not render services as constable, under said warrant of July 7, 1908, every day from October 1 to December 31, 1908; and the plaintiff made no return to the mayor of said city upon said warrant at the expiration of his term of office, as required by law.

"The plaintiff served as constable throughout the year 1909.

A warrant was issued to him on July 9, 1909, by the mayor of Fitchburg, under the provisions of R. L. c. 102, § 143. He acted under said warrant from the date thereof to and until October 1, 1909, and then made return thereof to the mayor. Said return was not in full compliance with the requirements of law, St. 1907, c. 240, § 2, amending R. L. c. 102, § 144, in that it did not state the names of the owners or keepers of the dogs killed by the plaintiff under said warrant, or any of them ; and it did not state the names of the persons against whom complaints had been made, or whether complaints had been made or entered against all persons who had failed to comply with the provisions of law relative to the licensing of dogs, and the plaintiff did not thereafter and at the expiration of his term of office make any further or other return to the mayor issuing said warrant of July 9, 1909.

" And, if it is material, the court finds that the plaintiff did not render services as dog constable, or dog officer, or under or by virtue of the provisions of R. L. c. 102, § 143, as amended by St. 1907, c. 240, and St. 1908, c. 182, for three hundred and sixty-one days in the year 1909 as set forth in the declaration in this section [count].

" The court finds that the term or time of his actual employment in the rendering of such services during said year was eighty-four days and no more, and that he is entitled to receive compensation therefor at the rate of $2.75 per day.

" The plaintiff held office for the entire year 1909, but the term of his employment within the meaning of the statute was eighty-four days only.

" The city of Fitchburg had at the time twenty-five thousand inhabitants or over and the regular police officers of that city during said year 1909 received as wages $2.75 per day.

" The plaintiff is entitled to recover for services rendered during the year 1909 the sum of $231 under the third count of his amended declaration, and judgment is to be entered accordingly."

At the close of the evidence the judge refused to make certain rulings requested by the plaintiff relating to matters which are covered by the memorandum of decision.

The plaintiff also asked the judge to make the following findings of fact:

"1. During the time from October 1, 1908, to December 31, 1908, and during the entire year of 1909, the plaintiff performed the duties of dog officer of said city by virtue of an appointment duly made by the mayor of said city for said period of time and by virtue of a warrant duly issued to him by said mayor in July, 1908, and July, 1909.

"Upon all the evidence the plaintiff performed a full day's work for each day named in his declaration."

The judge refused to make either of these findings. He found for the plaintiff in the sum of $231; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. McGrath*, for the plaintiff.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.*, for the defendant.

SHELDON, J. 1. No exception lies to the refusal of the judge to make particular findings of fact. Were this not so, the judge was not bound, even upon the plaintiff's testimony and the evidence furnished by the entries in his books, to make the findings asked for, and the findings made were fully warranted by the testimony.

2. It was required by R. L. c. 102, § 143, that the plaintiff's bill should be approved by the mayor of his city and should be paid from a certain fund. This approval was a condition precedent to payment. Without it the county treasurer had no authority to pay the bill. It was the only means provided to inform the treasurer that the services had been performed and that the bill was a proper one. In this respect the case is stronger than was presented in *Haverhill* v. *Marlborough*, 187 Mass. 150, 156. And it is too plain for argument that an approval by one who was not mayor, although he had held that office in a former year when it was claimed that the services had been rendered, was not the approval required by the statute.

3. Under the same statute, as amended by St. 1907, c. 240, and St. 1908, c. 182, it was provided that the plaintiff's term of office should be for one year or until the appointment and qualification of his successor, and that his pay should be "the same wages per diem during the term of [his] employment" as were paid to the police officers of the city. The change in the same statute from "office" to "employment" must be deemed to have

been made advisedly.  His wages were to be by the day during the term, not of his office, but of his employment.  There is a manifest reason for this in the nature of the services which he was to render.  When, as in this case, he actually served only eighty-four days in the year, we cannot suppose that it was intended to pay him for every day, including Sundays and holidays.  If this were so, there would be no occasion for requiring a bill for services and its approval by the mayor, or for making the pay a *per diem* one.  Indeed our view seems to have been that of the plaintiff, for he based his demand on the claim, which however he failed to maintain on the evidence, that he actually had worked on every day except while he was absent by the permission of the mayor.

We are clearly of opinion that he was entitled to recover only for the time during which he was actually employed in rendering services.  St. 1911, c. 391, passed after the bringing of this action, and in terms limiting the compensation of dog officers to the time of their actual employment, seems to us to be rather a declaratory act than an indication that previously the effect of the statute was different.

The plaintiff's requests for rulings were rightly dealt with.

*Exceptions overruled.*