JAMES GIVEN *vs.* HIRAM JOHNSON & another.

Middlesex.   January 10, 1913. — January 13, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Appeal.

An appeal to this court in a proceeding at law brings before the court only the record, which in the present case disclosed no error.

PETITION, filed in the First District Court of Eastern Middlesex on October 22, 1910, and, on appeal, filed in the Superior Court on March 6, 1911, to vacate a judgment against the petitioner in an action of contract.

On June 26, 1911, *Fox,* J., in a letter addressed to the assistant clerk of the courts for the county of Middlesex ordered that the entry should be made "Petition dismissed with costs." This letter also contained a direction to return the briefs to the parties and to keep the "requests" on the files. On July 3, 1911, the petitioner filed a paper containing the following statement: "Respectfully represents your petitioner, James Given, who requests the court to give the rulings of law and findings of facts in the above entitled cause." On September 6, 1911, the respond-

ents filed a motion that the request for rulings of law and findings of fact be dismissed and that judgment be entered for the respondents. On February 15, 1912, this motion was allowed. On March 4, 1912, the petitioner filed a paper containing the following statement: "Now comes the petitioner in the above entitled cause and appeals from the order, dismissing his request for findings of fact and rulings of law and also from the order allowing the respondents' motion for judgment, both orders being entered on the 15th day of February, 1912."

Three requests of the petitioner were printed with the record before this court. The first two requests were for rulings of law and the third was for the finding of a particular fact. It was stated in the briefs of the parties that these requests were presented to *Fox,* J., at the time of the hearing before him in March, 1911. Opposite the first request was the word "Yes" and opposite the second request was the word "No." It was stated in the petitioner's brief that these words were written in pencil.

*D. B. Beard,* for the petitioner.

*W. H. Hastings,* for the respondents.

BY THE COURT. An appeal in a proceeding at law brings before this court only the record. If it be assumed in favor of the petitioner that his requests for rulings with the marginal note of refusal were incorporated into the letter of the judge by which he ordered the petition dismissed, this was no part of the record. It has been decided many times that even a memorandum signed by a judge in an action at law is not a part of the record unless inserted in a bill of exceptions or report. *Cressey* v. *Cressey, ante,* 191. *Regal* v. *Lyon,* 212 Mass. 230, and cases cited in each opinion. There is no error apparent upon this record. If the petitioner seasonably presented pertinent requests for rulings, and the trial judge either refused them or made an adverse finding without passing upon them, his remedy was by taking exceptions at the time and filing a bill of exceptions within a proper time thereafter. *John Hetherington & Sons* v. *William Firth Co.* 210 Mass. 8, 17. *Hurley* v. *Boston Elevated Railway,* 213 Mass. 192. But the petitioner took no exception, nor did he file any bill of exceptions. He did nothing except to make a request that the judge pass upon his requests for rulings, which apparently the judge already had done, and that he make findings of fact,

which the judge was not required to make by any rule or practice. *O'Neill* v. *County of Worcester*, 210 Mass. 374, 377. The judgment was entered rightly.

*Judgment affirmed.*