STEWART BROWNE *vs.* JOSEPH FAIRHALL, executor.

Essex. June 15, 1914. — September 10, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Review. Evidence,* Proof of foreign law. *Practice, Civil,* Review.

Upon a petition under R. L. c. 193, § 22, for a writ of review, after final judgment for the defendant in an action at law, to enable the petitioner to show that by the law of another State which governed the rights of the parties the petitioner was entitled to recover, an affidavit of a notary public and counsellor at law, who is not called as a witness, giving his opinion as to the law of such other State, is not admissible in evidence, the respondent having had no opportunity to cross-examine the affiant.

A petition under R. L. c. 193, § 22, for a writ of review after final judgment is in effect a motion for a new trial after judgment and is addressed to the discretion of the trial court in which the judgment was rendered.

An appeal from an order dismissing a petition for a writ of review under R. L. c. 193, § 22, brings up only matters of law apparent on the record.

Where, in an action of contract against an executor, the presiding judge refused to rule, as requested by the defendant, that the plaintiff could not recover because the contract was one to be performed only by the defendant's testator personally and did not bind the executor, and reported the case for determination by this court, who held that the ruling should have been given and under the terms of the report ordered judgment for the defendant, the defeated plaintiff cannot maintain a petition under R. L. c. 193, § 22, for a writ of review after the judgment in order to permit him to prove at a new trial that the contract was governed by the law of another State under which it was binding on the executor; because the petitioner has had his day in court when he might have offered the evidence in regard to the foreign law but chose not to do so, and his omission to offer the evidence has not been caused by any act of the respondent. In the present case it was *said,* that, if the evidence of the foreign law which the petitioner wished to present had been brought properly before this court, which it was not, it would not have been essentially at variance with the decision of this court in regard to the effect of the contract.

BRALEY, J. By the decision in *Browne* v. *Fairhall,* 213 Mass. 290, when the case was first before this court on the report of the presiding judge, after a verdict for the plaintiff at a trial on the merits, judgment was ordered for the defendant on the ground that performance of the contract for breach of which the action was brought had been rendered impossible by the death of the testator. It is to be assumed that the order was followed, and thereupon the plaintiff seasonably brought this petition under R. L. c. 193, § 22, for a writ of review to vacate the judgment to enable him to present evidence at a new trial, that by the laws of the State of New York, where the petition alleges the contract to have been made and where it was to be performed, the cause of action survived. The respondent having answered to the merits admitting the allegations of fact in the petition, but claiming that they were insufficient to authorize a writ of review, the trial judge * ruled "as matter of law that this action cannot be maintained and for that reason" dismissed the petition, and the petitioner appealed.

The report in the former case formed no part of the record, and, while the petitioner's affidavit is sufficient to prove facts

---

* *Crosby,* J.

known only to himself as reasons for the issuance of an order of
notice, the affidavit also filed of a notary public and counsellor
at law giving his opinion as to the law of another jurisdiction was
inadmissible and could not be considered, because the respondent
had been given no opportunity of cross-examination. *Coolidge* v.
*Inglee,* 13 Mass. 26, 50, 51. *Parker* v. *Framingham,* 8 Met. 260,
264. *Warner* v. *Collins,* 135 Mass. 26. *Rogers* v. *Hill,* 4 Mass.
349. *Gray* v. *Moore,* 7 Gray, 215. The record is bare of any
recital of the proceedings at the hearing; and what evidence, if any,
was introduced showing the foreign law cannot be ascertained.
It must be assumed, however, that the case was heard on the
petition and answer. The petition under § 22 is addressed to the
discretion of the court in which judgment was rendered. It is
in effect a motion for a new trial after judgment, and the order
granting or denying it cannot be reviewed on exceptions. *Dear-
born* v. *Mathes,* 128 Mass. 194, 196. But if rulings are made at
the hearing as to the admissibility of evidence, or the jurisdiction
of the court, or the law applicable to the case which could not
have been raised before verdict, they can be reviewed on re-
port or exceptions. *Dearborn* v. *Mathes, ubi supra. Hayes* v.
*Collins,* 114 Mass. 54. *Weeks* v. *Adamson,* 106 Mass. 514. The
appeal brings up only questions of law apparent on the record.
*Given* v. *Johnson,* 213 Mass. 251, 252, and cases cited. And the
refusal at the original trial to rule as the defendant requested
that the contract was the personal undertaking of the testator
which could not be performed by his executor, as well as the ruling
that the contract survived, recited in the petition were apparently
made at the close of the evidence. If the petitioner relied upon
the law of a sister State as being different from our own relating
to the survival of actions of contract, he was not precluded from
introducing evidence in support of his contention. If such evi-
dence had been offered but excluded, his rights could have been
amply protected by the report. But if, being satisfied with the
ruling that the action could be maintained under our laws, he
did not deem it expedient to offer the evidence or to contend that
the contract was governed by the foreign law, the omission affords
no reason for granting a review. The petitioner, in other words,
has had his day in court where he could have availed himself of
the decisions now relied on in support of the petition, of which

opportunity he has not been deprived by any act of the respondent, and his failure to offer them in evidence is insufficient to ground a petition for review. *Dearborn* v. *Mathes,* 128 Mass. 194. *Ryder* v. *Phœnix Ins. Co.* 101 Mass. 548, 550, 551.

But, even if the second affidavit is treated as evidence before the trial judge and the report is considered as incorporated in the appeal, we do not understand that upon the facts appearing in the report the construction of the contract adopted in *Browne* v. *Fairhall,* 213 Mass. 290, is essentially at variance with the foreign law invoked by the petitioner. *Dexter* v. *Norton,* 47 N. Y. 62. *Lorillard* v. *Clyde,* 142 N. Y. 456, 462. *Dolan* v. *Rodgers,* 149 N. Y. 489, 491. *Buffalo & Lancaster Land Co.* v. *Bellevue Land & Improvement Co.* 165 N. Y. 247, 254.

<em>Order dismissing petition affirmed.</em>

The case was submitted on briefs.

*R. O. Harris & W. A. Morse,* for the petitioner.

*C. A. Sayward,* for the respondent.