*Northern District*

No. 5174

**AMANDO VESPRINI**
v.
**JOHN DOWNES**

(April 25, 1958)

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

Case tried to RUSSELL, SP. J., in the First District Court of Eastern Middlesex. No. 619 of 1957.

*Eno, J.* This is an action of tort in which the plaintiff seeks to recover for property damage to his motor vehicle arising out of a collision with the defendant's motor vehicle.

There was conflicting testimony as to how the collision occurred. The plaintiff was travelling westerly on Elm Street in Everett, and he claims that the defendant backed his motor vehicle into his own, while the defendant claims he was at a stop at the time of the impact.

The judge took a view of the location where the collision occurred and examined both motor vehicles, after which he made the following findings of facts:

"The defendant operated his motor vehicle in a proper manner and was not negligent. He was alone in his car when it was hit by the car the plaintiff was riding."

He also denied the fifteen requests for rulings of the plaintiff and found for the defendant.

The first request was properly denied since it failed to include specifications required by Rule 27, of the Rules of the District Courts (1952).

All the other requests are for findings of facts and all but one of these are predicated by the words — "the Court must find" requested facts.

Since they are requests for findings of facts the trial judge was not obliged to give them. *O'Neill v. County of Worcester,* 210 Mass. 374; *Commercial Credit Co. v. M. McDonough Co.,* 238 Mass. 73, 78; *Dolham v. Peterson,* 297 Mass. 479, 481; *Castano v. Leone,* 278 Mass. 429, 431; *Kelsey v. Hampton Court Hotel,* 327 Mass. 150, 152; *E. A. Strout Realty Agency v. Gargan,* 328 Mass. 524, 525.

The plaintiff also had the burden of proving that the defendant was negligent. *Wylie v. Marinofsky,* 201 Mass. 583, 584; *Smith v. Hill,* 232 Mass. 188; *Castano v. Leone,* 278 Mass. 429, 431; —

and in the case before us where the evidence is conflicting it could not be ruled as a matter of law that the plaintiff had maintained his case. *Winchester v. Missin,* 278 Mass. 427, 428; *Hoffman v. Chelsea,* 315 Mass. 54, 56; *Rappe v. Met. Life Ins. Co.,* 320 Mass. 376, 379.

There was no error therefore in the denial of these requests. *Memishian v. Phipps,* 311 Mass. 521, 524; *Perry v. Hanover,* 314 Mass. 167, 172.

 There is no merit either to the plaintiff's argument that on the facts the judge should have found for the plaintiff. The function of the Appellate Division is to review only questions of law raised by proper requests. It does not review findings of facts of the trial judge, provided there is some evidence, however slight, to substantiate his findings, *Winchester v. Missin,* 278 Mass. 427, 428.

It is evident in this case that the trial judge adopted the defendant's version rather than that of the plaintiff.

There being no prejudicial error the report is to be dismissed.

John A. Florentino, for the plaintiff.
Francis J. Donahue, for the defendant.