SCITUATE WATER COMPANY *vs.* MOYSES R. SIMMONS.

Plymouth.    November 17, 18, 1896. — January 8, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Petition for Writ of Review — Discretion of Judge.*

Where it is a mere question of fact whether justice and equity require that a writ of review should be granted, no exception lies to the refusal of a judge to grant it.

PETITION, filed in September, 1895, for the review of a judgment for $3,563.25 and costs, obtained by the respondent against the petitioner by default, in August, 1895, in an action in the Superior Court. Hearing before *Fessenden,* J., who refused to rule as requested by the petitioner, and denied the petition ; and the petitioner alleged exceptions. The facts appear in the opinion.

*W. R. Bigelow,* for the petitioner.

*A. E. Avery,* (*H. H. Pratt* with him,) for the respondent.

KNOWLTON, J. At the hearing the petitioner asked the court to rule as follows : " Upon all the evidence in the case there is no evidence, as matter of law, to warrant a finding for the respondent, and the court is bound to find for the petitioner, and to grant the writ of review prayed for." The petitioner's

exception to the refusal of the judge so to rule presents the only question in the case.

A petition for a writ of review is ordinarily addressed to the discretion of the court, or, to state the principle more accurately in accordance with the reason of the rule, it is ordinarily in such cases a question of fact whether, under the rules of law and the established principles of practice, having regard to the rights and interests of all parties, justice and equity require a review of the action.

There was evidence at the hearing which would have well warranted the issuing of a writ of review, but there were possible views of the testimony which might make it the duty of the judge to refuse to grant a writ. He might have thought that the default resulted from the negligence of the petitioner's attorney, and that it was best to leave the petitioner to look to him for its remedy. See *Sylvester* v. *Hubley*, 157 Mass. 306; *Amherst College* v. *Allen*, 165 Mass. 178. He might have thought that there was negligence on the part of the officers of the corporation which resulted in the default, and that justice did not require a review of the action. It appeared that, of the five directors of the corporation, only two acted in bringing and prosecuting the petition, and that two opposed it; the other took no action for or against it. The respondent, who was the treasurer and one of the directors of the corporation, testified that no stock had ever been issued by the corporation; that no meeting of the directors or owners had been held since November, 1894, which was ten months before the bringing of the petition; that the other original corporators of the company had resigned, and that he owned a very large interest in the company. There was also evidence of differences and negotiations between the contending directors in regard to the respondent's claim, which well might be considered by the judge in determining whether a writ of review should issue.

It was plainly a question addressed to the discretion of the court, whether it was just and equitable, having regard to the interests of all parties, to issue a writ of review. *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415. *Hayes* v. *Collins*, 114 Mass. 54. *Boston* v. *Robbins*, 116 Mass. 313. *Stillman* v. *Whittemore*, 165 Mass. 234.     *Exceptions overruled.*