INHABITANTS OF WINTHROP *vs.* INHABITANTS OF ATHOL.

Worcester.   October 21, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Review.   Pauper.   Judgment.*

Upon a petition for a writ of review it ordinarily is a question of fact whether, under the law, justice to the parties requires a review, and in such a case the granting of the writ is a matter of judicial discretion.

Where for three years after a verdict against him an excepting party fails to have his exceptions passed upon, and then the trial judge dies, and after the expiration of three years more the exceptions are dismissed and judgment is entered on the verdict, the granting of a writ of review to review such judgment is purely a matter of discretion.

In regard to an action brought by one town against another for expenses incurred in the support of a pauper alleged to have had a settlement in the defendant town, it was *said*, that, had the question been before this court, which it was not, it was clear that a judgment for the defendant in an action brought against it by a third town for expenses incurred for the support of the same pauper was not a bar to the action, because the parties were not the same and there was no privity between the respective plaintiffs in the two actions.

PETITION for a writ of review filed on December 2, 1912, by the town of Winthrop to review a judgment obtained against it by the

town of Athol on November 4, 1912, for expenses incurred in the support of one Lydia E. Daniels and her family alleged to have been paupers, the action in which such judgment was obtained having been brought on February 1, 1900. The facts in regard to the presentation and dismissal of the defendant's bill of exceptions in such action are stated in the opinion.

The petition for a writ of review was heard by *Ratigan*, J., who made the following memorandum of decision: "In the exercise of a sound discretion I find no good reason for granting to the petitioner a writ of review. I refuse to give all requests for rulings inconsistent with this finding or rendered immaterial hereby. The petition is dismissed." To this ruling and to the refusal of the judge to make any of the rulings requested the petitioner excepted.

The case was submitted on briefs.

*H. W. Orcutt*, for the petitioner.

*J. A. Stiles & C. S. Anderson*, for the respondent.

BY THE COURT. Ordinarily it is a question of fact, the decision of which depends in large measure upon sound judicial discretion, whether, under the law, justice to all parties concerned requires the issuance of a writ of review. *Scituate Water Co.* v. *Simmons*, 167 Mass. 313. *Stillman* v. *Donovan*, 170 Mass. 360. *Welch* v. *Chase*, 213 Mass. 519.

The decision of the court below was based upon this principle and plainly no error of law is disclosed in its application. Where an excepting party failed to get his exceptions passed upon for three years after filing them, at the expiration of which time the judge who heard the case died, and three years more elapsed before the exceptions were dismissed and judgment was entered for the plaintiff, it was a pure matter of discretion whether a review should be granted. See *Meehan, petitioner*, 208 Mass. 60.

The only question of law presented on this record is whether a judgment in favor of this defendant, the petitioner for the writ, in an action against it by the town of Stoughton involving the settlement of the same pauper was a bar to this action. Clearly it was not. The parties were not the same, nor were they privies. *Braintree* v. *Hingham*, 17 Mass. 432. *Shutesbury* v. *Hadley*, 133 Mass. 242.

*Exceptions overruled.*