JAMES M. WATSON, administrator, *vs.* MARY E. WENZ, executrix.

Suffolk.   January 18, 1916. — March 4, 1916.

Present: RUGG, C. J., DE COURCY, PIERCE, & CARROLL, JJ.

*Review, Writ of.*

The granting or denial of a petition for a writ of review is a matter of discretion. On a petition for a writ of review no relief will be given from results that naturally followed negligence of the petitioner's counsel in the preparation or the trial of the petitioner's case in the Superior Court.

PIERCE, J.   This is a petition for a writ of review. After a hearing on the merits, a single justice of this court * ordered that the petition be dismissed and, at the request of the petitioner, reported the case for determination by the full court.

It is the contention of the petitioner that he is now able to produce certain evidence material to the issue tried before the Superior Court, which could not be offered at the trial in that court because without fault he was ignorant of its existence. He also contends that his attorneys misconducted the trial in that they negligently or designedly failed to use the testimony of witnesses which had been received in whole or in part at the trial of the same issue in the Probate Court.

An examination of the affidavits and other parts of the peti-

* *Braley,* J.

tion discloses that the evidence was known to some of those persons whom the petitioner represented at the trial or could have been found by reasonable effort in season for use at the trial, or, ·if not then available, in time to present to the Superior Court on a motion for a new trial.

The scope of a writ of review would be unduly enlarged could it ·be used to give relief from results naturally following upon dilatory and negligent preparation or trial of causes. *Sylvester* v. *Hubley,* 157 Mass. 306. *Towne* v. *Newton,* 167 Mass. 311.

The granting or denying of a petition for review is a matter of discretion and the only question which we are called upon to determine is whether upon the facts reported that discretion was wrongly exercised as a matter of law. *Hayes* v. *Collins,* 114 Mass. 54. *Dearborn* v. *Mathes,* 128 Mass. 194, 196. *Winthrop* v. *Athol,* 216 Mass. 79. *Browne* v. *Fairhall,* 218 Mass. 495.

We are of the opinion it cannot be so determined.

*Petition dismissed.*

The case was submitted on briefs.

*J. A. Watson,* administrator, *pro se.*

*S. C. Bennett & H. D. McLellan,* for the respondent.