MORRIS L. SILVERSTEIN *vs.* DANIEL RUSSELL BOILER WORKS, INCORPORATED.

Suffolk.   March 25, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Review.   Attorney at Law.   Negligence,* Of attorney at law.

A petition for review of a judgment entered on a verdict in an action at law properly was denied as a matter of law, although both parties admitted and it appeared that there was substantial error in a ruling by the judge presiding at the trial preceding the verdict, if it also appeared that a report of the action by the trial judge to this court for determination was dismissed because it was not entered within the time required by G. L. c. 231, § 135, and that the failure to enter the report seasonably was due to negligence of the petitioner's counsel.

PETITION, filed in the Superior Court on March 3, 1926, for review of a judgment entered against the petitioner

in an action of contract brought by him against the respondent.

In the Superior Court, the petition was heard by *Weed*, J. Material facts found by him are stated in the opinion. The petition was denied. The petitioner alleged exceptions.

The case was submitted on briefs.

*J. Cavanagh*, for the petitioner.

*A. S. Allen & C. C. Steadman*, for the respondent.

RUGG, C.J.   This is a petition for review to reopen an action brought by the plaintiff against the defendant on a promissory note.   There was a trial of that action in the Superior Court and verdict was rendered in favor of the defendant.   The plaintiff alleged exceptions and the case was reported to this court.   The report was not seasonably entered and for that reason the case was dismissed.   254 Mass. 137.   In accordance with the rescript, judgment has been entered.   It was conceded that failure to enter the report seasonably was due to the negligence of counsel.   It is stated in the exceptions: "It further appeared and was admitted that there was substantial error in the ruling of the presiding justice in the Superior Court on the trial of the original action."   The finding of the trial judge on review was this: "From an examination of said report, I am satisfied that the petitioner had reserved therein a substantial question of law affecting the merits of the case, and I find that the petitioner by reason of the negligence of his counsel has been deprived of an opportunity of having the correctness of the presiding judge's instruction passed upon by the Supreme Judicial Court and any error therein made corrected, and that he has no remedy in the premises except by a review of the judgment entered in said case as prayed for in his petition.   I further find that his only cause of complaint grows out of the negligence of his counsel.   Upon the facts found, I rule as matter of law and not as matter of discretion that the petition should be denied, and I order that entry be made — 'Petition denied'."

Frequently it has been said that the granting or denying of a petition for a writ of review rests largely in sound judicial discretion. *Scituate Water Co.* v. *Simmons*, 167 Mass. 313,

314.   *Welch* v. *Chase,* 213 Mass. 519.   *Winthrop* v. *Athol,* 216 Mass. 79.   *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423.   That statement implies that such discretion is not absolute.   It was said by Chief Justice Shaw in *Thayer* v. *Goddard,* 19 Pick. 60, at page 66, with reference to the fault of an attorney: "Great care should be taken not to encourage negligence and carelessness in cases of so much importance to the rights of others, especially in agents who receive a compensation for their services."   In *Sylvester* v. *Hubley,* 157 Mass. 306, at page 308, occurs this statement: "This discretion should be exercised in such a way as to promote an orderly and proper administration of justice, and not to encourage carelessness, ignorance, and laxity of practice in the conduct of cases in court."

The findings of fact in the case at bar make it plain that the sole cause of possible harm to the petitioner arose from the negligence of his attorney.   No extenuating circumstances are set forth in the record.   There was a full trial before a jury.   The petitioner has not been deprived of all hearing. It was said in *Sylvester* v. *Hubley,* 157 Mass. 306, at page 308, by Knowlton, J.: "It is true, as a general rule, that a review should not be granted when the petitioner's only cause of complaint grows out of the negligence or misconduct of his attorney, but he should be left to seek his remedy against him who is responsible for the wrong.   Any other rule would tend to fraud and to laxity of practice, greatly to the detriment and delay of honest suitors.   On the other hand, we are not prepared to lay down an absolute rule of law that in no case can a review be granted where the error complained of was due to the negligence or misconduct of the petitioner's attorney."   While the court there refused to lay down as a rule without exception that no relief would be granted in any circumstances for negligence of that sort, the general rule is as stated.   That general rule is recognized and expressed in various forms of words in other cases.   *Brewer* v. *Holmes,* 1 Met. 288, 291.   *Bowditch Mutual Fire Ins. Co.* v. *Winslow,* 3 Gray, 415, 421.   *Amherst College* v. *Allen,* 165 Mass. 178, 181.   *Stillman* v. *Donovan,* 170 Mass. 360.   *Mulrey* v. *Carberry,* 204 Mass. 378, 382.   *Watson* v. *Wenz,* 223 Mass. 341.

See, also, *Fuller* v. *Storer*, 111 Mass. 281, 282; *Boston* v. *Robbins*, 116 Mass. 313, 315.

It seems clear from the facts here disclosed that there would be nothing left of the general rule if discretion rightly could be exercised in favor of the present petitioner. There was no error, in view of all the circumstances, in ruling as matter of law that review could not be granted.

The case at bar, being an action at law, is distinguishable from *Sullivan* v. *Sullivan*, 266 Mass. 228. That was a petition pending in the Probate Court. There had been no hearing. The defendant had been defaulted through no fault or mistake of her own. Her status had been affected by a decree entered in default. The procedure was analogous to equity. Equitable practice was applied. *Thompson* v. *Goulding*, 5 Allen, 81, 82.

*Exceptions overruled.*