TOWN OF HOPKINTON *vs.* B. F. STURTEVANT COMPANY.

Middlesex.    April 5, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Vacation of judgment, Amendment, Correction of record
of court, Reopening of hearing.  *Municipal Corporations,* Liability in
contract.

A petition to vacate a judgment is an original and independent pro-
ceeding.
A petition to vacate a judgment must be brought in the court in which the
judgment was entered; and where such court is a district court, an ap-
peal from the action taken on the petition lies to the Superior Court.
Where, after the filing of a petition to vacate a judgment, an order was
made, upon motion by the respondent, dismissing the petition and
revoking a supersedeas previously issued, but shortly thereafter a
further order was made revoking the first order as having been made
by mistake and expunging it from the record, there was no merit in a
contention by the respondent that the proceedings were at an end
at the time the first order was made: the court had power to correct
a mistake in its records and thus to reinstate the proceedings.
A petition by a town to vacate a judgment entered in an action against
it by the respondent was signed by the town treasurer, whereas under
the town's by-laws it should have been brought by the selectmen.
That point was first raised by the respondent by a request for ruling
after the close of the evidence.  The judge who had heard the petition
thereupon reopened the case to hear evidence on the question of
authority to bring the petition, admitted evidence to show that the
selectmen had voted to ratify the treasurer's act in bringing the peti-
tion, and allowed a motion by the petitioner for leave to file a sub-
stitute petition signed by the selectmen.  *Held,* that no error appeared.
In the petition to vacate judgment above described, it appeared that the
judgment against the town had been entered in the action after the
town had been defaulted.  Upon exceptions by the respondent fol-
lowing the allowance of the petition, the respondent contended that
relief to the town as petitioner was barred by the conduct of the
town's attorney in the action and that there was an abuse of discre-
tion in the allowance of the petition.  *Held,* that, on all the evidence,
no abuse of discretion appeared.
It could not properly be said that there was error of law in the allowance
of the petition to vacate judgment above described in that it had not
been shown that the town had a meritorious defence to the action,
it appearing that the respondent as plaintiff in the action sought to

recover a balance alleged to be due him from the town on a construc-
tion contract, but that there was evidence that he had been merely a
subcontractor with one who had been general contractor with the
town and that he had not taken the steps specified in G. L. (Ter. Ed.)
c. 149, § 29, to enforce his claim.

PETITION, filed in the First District Court of Southern
Middlesex on December 11, 1931, to vacate a judgment
entered against the petitioner in an action against it by the
respondent.

The following appeared from the record before this court:
Upon the filing of the petition in the District Court, a su-
persedeas issued without the statutory bond being filed.
"On December 18, 1931, the District Court on motion of the
respondent setting forth this ground dismissed the petition,
revoked the supersedeas and issued an alias execution. On
December 24, 1931, the District Court issued an order re-
voking its order of 'Motion allowed' on December 18, 1931,
as having been made by mistake and ordered it expunged
from the record." On December 30, 1931, a judge of the
District Court granted the petition, ordered judgment to
be vacated and supersedeas issued upon the petitioner's
filing a satisfactory bond within ten days. After the allow-
ance of motions to extend the time for filing the bond, the
bond was filed February 5, 1932, and was approved as of
February 8, 1932. Judgment was vacated on March 3, 1932,
and supersedeas was ordered to issue. On March 8, 1932, the
respondent appealed to the Superior Court. The petition
was heard in the Superior Court by *Gray,* J. The hearing
was "closed" on May 11, 1932, and arguments and briefs
were presented and requests for rulings were made. On
May 12, 1932, the judge reopened the case against the
objection and exception of the respondent for the purpose
of hearing the parties on the question of the authority for
bringing the petition in the manner in which it was brought,
with the privilege to the petitioner of offering such amend-
ment as could have been offered at any stage of the hearing.
The petitioner was then allowed to introduce evidence that
the selectmen of the town of Hopkinton, on December 23,
1931, had voted to ratify the act of the town treasurer in

bringing the petition.  The judge then gave the petitioner the privilege of relying upon the vote of ratification, or of filing an amendment, or of bringing a new petition to vacate.  The petitioner on June 6, 1932, filed a motion for leave to file a substitute petition signed by the selectmen. On June 14, 1932, the judge made the following order: "The question of the signature to the petition was not raised until requests for rulings were presented after the close of the evidence.  The court thereupon ordered the case reopened. Further evidence was heard on the question of authority to bring and prosecute the petition and the respondent was given opportunity to introduce such further evidence as it desired.  The motion is allowed.  The petition to vacate judgment as amended is allowed, and cause remanded to" the District Court.  The respondent alleged exceptions.

The docket entries in the original action by the respondent against the petitioner were in evidence and showed, in part, that the action was entered in the District Court on July 7, 1928;  that the defendant demurred;  that the plaintiff filed interrogatories to the defendant on September 30, 1931, and filed a motion to default the defendant for failure to answer the interrogatories on October 10, 1931; that on October 19, 1931, a hearing was held at which the defendant's demurrer was sustained, and a motion to amend the declaration was filed and allowed;  that the defendant demurred to the amended declaration on October 23, 1931; that on November 17, 1931, a motion by the defendant, filed on October 28, 1931, to dismiss the interrogatories was denied;  that, after the entry of November 17, 1931, an entry was made, "Docket ordered amended as follows: October 22, Defendant defaulted";  that subsequently a motion by the defendant to remove the default was denied, the defendant's demurrer to the amended declaration was dismissed, and judgment for the plaintiff was ordered to be entered on December 4, 1931;  and that judgment was entered accordingly and execution issued.

Other material facts are stated in the opinion.

The second paragraph of Rule 4 of the District Courts (1922) was as follows: "When a plea or answer in abate-

ment, motion to dismiss or demurrer is overruled, or when an amendment is allowed and made by the plaintiff in consequence of such plea, answer, motion or demurrer, the defendant shall within three days thereafter answer to the merits."

*J. F. Barry*, (*E. Carr* with him,) for the respondent.

*P. B. Buzzell*, (*E. W. M. Bridges* with him,) for the petitioner.

RUGG, C.J.    This is a petition brought originally in a district court to vacate its judgment entered on December 4, 1931, pursuant to previous default, in favor of the respondent (hereafter called Sturtevant) in an action of contract wherein Sturtevant was plaintiff and the present petitioner (hereafter called the town) was defendant. In that action Sturtevant sought to recover the balance alleged to be due to it from the town on a contract for heating and ventilating equipment for a school house.

A petition to vacate judgment must be brought in the court in which was entered the judgment sought to be vacated. G. L. (Ter. Ed.) c. 250, § 14. Such petition is an original and independent proceeding. *Maker* v. *Bouthier*, 242 Mass. 20, 22. Since by compulsion of the statute and not by voluntary election the petition was filed in the District Court where the judgment was entered, appeal from action on the petition lay to the Superior Court. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114, 115.

There is nothing to the contention that there is no jurisdiction to consider the case. The only point suggested in support of that view is that, because on December 18, 1931, motion to dismiss the proceedings and revoke supersedeas was allowed in the District Court, the proceeding was at an end. This point is without merit for the reason that, on December 24, 1931, order was made expunging the allowance of that motion from the record because entered by mistake. The case thus was reinstated for further appropriate proceedings. The power of courts to correct mistakes in their records is beyond question. *Karrick* v. *Wetmore*, 210 Mass. 578, 579. *Randall* v. *Peerless Motor*

*Car Co.* 212 Mass. 352, 387. *Everett-Morgan Co.* v. *Boy-ajian Pharmacy*, 244 Mass. 460, 462. *Barringer* v. *North-ridge*, 266 Mass. 315, 318. There is nothing in the case at bar to indicate that there was error in making this correction of its record by the District Court.

The petition as filed in the District Court was signed by "Daniel P. Day Treasurer." Confessedly in conformity to a by-law of the town the petition should have been brought by the selectmen and not by the treasurer. The town in the Superior Court moved for leave to file a substitute petition curing the defect. Respecting this matter the trial judge filed an order of this tenor: "The question of the signature to the petition was not raised until requests for rulings were presented after the close of the evidence. The court thereupon ordered the case reopened. Further evidence was heard on the question of authority to bring and prosecute the petition and the defendant was given opportunity to introduce such further evidence as it desired. The motion is allowed."

The court plainly was empowered to reopen the hearing and to receive further evidence. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31. The vote of the selectmen ratifying the action of the treasurer was not inadmissible. The petition as originally filed was not a nullity. On its face it was brought in the name of the town. It simply was signed by a town officer not authorized to that end. It became a proper subject for amendment. G. L. (Ter. Ed.) c. 231, §§ 51, 138. *Pizer* v. *Hunt*, 253 Mass. 321. *Shapiro* v. *McCarthy*, 279 Mass. 425. The case at bar on this point is different from *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277. There was no error of law in the action taken by the trial judge and in denying the respondent's requests for instructions on this branch of the case. *Roselli* v. *Riseman*, 280 Mass. 338.

It has been argued at length in behalf of Sturtevant to the effect that there was abuse of discretion on the part of the trial judge in allowing the petition to vacate judgment on the ground that the conduct of the attorney for the town in the original action of contract constituted "intelligent or

intentional carelessness or laxity in the observance of established principles" and rules of court and that therefore relief was barred. It relies upon cases like *Russell* v. *Foley,* 278 Mass. 145, 148, *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45, and *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424. Those decisions are not here controlling. It is to be remembered that the main purpose of civil litigation is to do justice between the parties. A motion to vacate a judgment is not granted unless required by justice and the law. It is addressed to sound judicial discretion, the exercise of which is not ordinarily reviewed by this court. The question presented commonly is one of fact whether "under the rules of law and the established principles of practice, having regard to the rights and interests of all parties, justice and equity require" reëxamination of the case by a new trial. *Scituate Water Co.* v. *Simmons,* 167 Mass. 313, 314. *Beserosky* v. *Mason,* 269 Mass. 325. *Manzi* v. *Carlson,* 278 Mass. 267. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 503. It would serve no useful purpose to examine the alleged shortcomings of the attorney in detail. It is enough to say that there was no reversible error of the trial judge on this aspect of the case.

It cannot be held rightly that the trial judge was in error because no meritorious defence to the action was shown. *Mellet* v. *Swan,* 269 Mass. 173. *Lovell* v. *Lovell,* 276 Mass. 10. There was evidence to the effect that the claim of Sturtevant against the town arose from a subcontract made with it by one who was the primary contractor with the town and not out of immediate contractual relations by it with the town, and that Sturtevant had filed no statement with officers of the town as prerequisite to establishing a direct obligation on the part of the town. If that evidence were believed, any obligation of the town to Sturtevant as such subcontractor rested upon strict compliance by the latter with G. L. (Ter. Ed.) c. 149, § 29, as to filing sworn statement of claim with the town clerk and filing in the Superior Court a petition to enforce the claim. Failure to take these steps would bar recovery.

*A. L. Smith Iron Works* v. *Maryland Casualty Co.* 275 Mass. 74. *Newbury* v. *Lincoln,* 276 Mass. 445. It cannot be ruled in these circumstances that as matter of law the petition ought not to have been granted. *Boston Electric Co.* v. *Cambridge,* 163 Mass. 64.

All the arguments urged in behalf of Sturtevant have been considered but they need not be discussed in further detail. No reversible error is shown.

*Exceptions overruled.*