GEORGENA L. LONG *vs.* CHARLES GEORGE.

Suffolk. February 1, 1937. — March 2, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice*, Proceedings after rescript, Amendment, Judicial discretion. *Practice, Civil*, Judicial discretion. *Words*, "Discretion."

Discussion by LUMMUS, J., of the extent to which an exercise of discretion by a trial judge may be reviewed at law and in equity.

No improper exercise of discretion appeared in the denial of a motion to amend an answer in a suit in equity filed after rescript from this court favorable to the plaintiff, to set up a correction of the record of an order in an action at law in a municipal court upon which the decision of this court was based, although, if the order in its corrected form had been before the Superior Court when the suit was there tried, the decision of this court would have been different, it appearing that the original order was entered before the commencement of the suit and more than five years before the defendant first sought its correction.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated February 4, 1931.

The suit previously was before this court when, in a de-

cision reported in 290 Mass. 316, a decree of *Goldberg,* J., dismissing the bill was reversed on March 29, 1935.

On October 21, 1935, the defendant filed a motion to amend his answer setting up the correction of the record of the Municipal Court of the City of Boston described in the opinion and praying that because thereof the bill be dismissed. The motion was heard by *Weed,* J., and was denied; and thereafter a final decree was entered, from which both parties appealed.

*E. R. Anderson,* (*A. S. Lawrence* with him,) for the plaintiff.

*S. W. Saltmarsh,* for the defendant.

LUMMUS, J. The defendant brought an action at law in a district court against the plaintiff's father, one George A. Long, and attached as his property certain machinery and tools in a store, by putting a keeper over the goods (G. L. [Ter. Ed.] c. 223, § 48), and also in the manner allowed for bulky goods by G. L. (Ter. Ed.) c. 223, §§ 50, 51. The attachment was discharged, according to the original record of the District Court, by the allowance, on February 28, 1930, by a judge of the District Court, of an application or "petition" under G. L. (Ter. Ed.) c. 223, § 114, brought by the plaintiff, in which she claimed ownership of the goods attached. Later, the defendant obtained judgment and execution against George A. Long, caused the same machinery and tools to be taken on execution, and bought them at the sale on execution.

The plaintiff on February 4, 1931, brought this bill in equity, alleging that she owned the machinery and tools so bought, and asking delivery of them to her, and damages. A master's report finding ownership in George A. Long and not in the plaintiff was confirmed, and the bill was dismissed. On the plaintiff's appeal, this court held that the allowance of the application for the dissolution of the attachment adjudicated that the plaintiff owned the machinery and tools, reversed the decree dismissing the bill, and ordered a decree for the plaintiff. *Long* v. *George,* 290 Mass. 316. The rescript from this court to the Superior Court ordered as follows: "Final decree to be entered ordering the defendant

to deliver to the plaintiff the goods sold at the execution sale, and for such damages, if any, as the plaintiff may be found to have sustained."

Some of the machinery and tools were returned after the rescript, but the remainder had already been sold. Therefore the final decree after rescript could only give damages, including interest, and costs. Both parties appealed. The appeal of the plaintiff can be disposed of shortly. There was no error in the refusal of the judge to include additional goods in the award of damages, or to admit certain evidence of the value of the goods as a part of a going business conducted by the plaintiff's father but not by the plaintiff.

The appeal of the defendant requires more discussion. At his motion, filed on July 17, 1935, after the rescript from this court to the Superior Court, the judge of the District Court who on February 28, 1930, acted on the application for dissolution of attachment, corrected the record in the District Court of his action taken on that day by striking out on October 2, 1935, the record of the allowance of that application, and substituting therefor the following: "Ordered that attachment by keeper be dissolved and the bulk attachment to stand." He found that this was "the correct order made" on February 28, 1930. Since the application for dissolution of attachment was based wholly upon ownership of the goods by the plaintiff, action dissolving one form of attachment while preserving another seems inconsistent, in the light of the opinion of this court when the case was here before. But we assume without deciding that if the record on appeal had shown the action of the District Court in its later and corrected form, the decision in *Long* v. *George*, 290 Mass. 316, would have been different.

Doubtless the District Court had power to correct its record even after the lapse of more than five years. *Balch* v. *Shaw*, 7 Cush. 282. *Fay* v. *Wenzell*, 8 Cush. 315. *Merrill* v. *Kaulback*, 158 Mass. 328, 329. *Dewey* v. *Peeler*, 161 Mass. 135. *Karrick* v. *Wetmore*, 210 Mass. 578, 579. *Webb* v. *Cohen*, 280 Mass. 292. *Bryer* v. *American Surety Co.* 285 Mass. 336. *McDermott* v. *Justices of the Municipal Court*

*of the City of Boston,* 287 Mass. 563, 568. *Prenguber* v. *Agostini,* 289 Mass. 222, 224, 225. *A. Doykos & T. Pappas, Inc.* v. *Leventhal,* 290 Mass. 375, 376.

Doubtless, also, by the practice in this Commonwealth, after the rescript ordering the entry of a final decree for the plaintiff, the Superior Court upon being shown that the record upon which the case was decided in this court was inadequate or erroneous in an essential matter of fact, had power in its discretion to reopen the case in order to obtain a full and accurate revised finding of the facts, and then to enter a decree upon that finding not inconsistent with the principles of law laid down by this court. *West* v. *Platt,* 124 Mass. 353. *Terry* v. *Brightman,* 133 Mass. 536. *Gale* v. *Nickerson,* 144 Mass. 415, 418. *Kenerson* v. *Colgan,* 164 Mass. 166, 168. *Frost* v. *Courtis,* 172 Mass. 401. *Pead* v. *Trull,* 173 Mass. 450, 452. *Day* v. *Mills,* 213 Mass. 585. *Noyes* v. *Noyes,* 224 Mass. 125, 135. *Johnson's Case,* 242 Mass. 489, 495. *Clark* v. *McNeil,* 246 Mass. 250, 257. *Eastman* v. *Steadman,* 269 Mass. 250. *Rudnick* v. *Rudnick,* 281 Mass. 205, 208. Compare *Libby* v. *New York, New Haven & Hartford Railroad,* 277 Mass. 1. The occasional granting by this court to the court below of leave to take such action is often due to caution, and is not always strictly necessary. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 578. *Westfield Savings Bank* v. *Leahey,* 291 Mass. 473, 476. *Royal Indemnity Co.* v. *Perry, ante,* 149, 154. *Gaertner* v. *Donnelly, ante,* 260, 262. We have never adopted the Federal practice, under which the lower court is powerless in this respect unless granted leave by the appellate court. *Gale* v. *Nickerson,* 144 Mass. 415, 418. *In re Potts, petitioner,* 166 U. S. 263. *National Brake & Electric Co.* v. *Christensen,* 254 U. S. 425.

But in the present case the Superior Court did not permit the defendant to amend his answer by setting up the corrected record of the District Court which would have undermined our decision. The judge exercised his discretion to the contrary, by denying that motion to amend, and by entering a final decree in accordance with the rescript, which was based on the record of the District Court as it existed

before correction. The defendant on his appeal argues that this exercise of discretion was error.

"The term *discretion* implies the absence of a hard-and-fast rule. The establishment of a clearly defined rule of action would be the end of *discretion*, and yet discretion should not be a word for arbitrary will or inconsiderate action. 'Discretion means a decision of what is just and proper in the circumstances.'" *The Styria* v. *Morgan*, 186 U. S. 1, 9, quoted in *Paquette* v. *Fall River*, 278 Mass. 172, 174. Whether action within the discretion of the court shall be taken or not "is ordinarily . . . a question of fact whether, under the rules of law and the established principles of practice, having regard to the rights and interests of all parties, justice and equity require" the action in question. *Scituate Water Co.* v. *Simmons*, 167 Mass. 313, 314. *Winthrop* v. *Athol*, 216 Mass. 79, 80. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 277.

In actions at law, "Unless he [the judge] shall have refused to exercise that discretion in favor of the . . . party under circumstances the proved existence of which required that for some legal reason he should do so, or unless he has refused to receive and consider evidence by which that discretion should be guided or controlled, his decision cannot be elsewhere reviewed." *Commonwealth* v. *White*, 147 Mass. 76, 78. But facts stated hypothetically in requests for rulings, though not expressly established, may suffice to present a question of law concerning the exercise of a power ordinarily discretionary. *Munde* v. *Lambie*, 125 Mass. 367. *Russell* v. *Foley*, 278 Mass. 145. *Commonwealth* v. *Millen*, 290 Mass. 406, 410. *Kravetz* v. *Lipofsky*, 294 Mass. 80. And error in ruling that no discretion exists is an error of law which may be reviewed on exceptions. *Commonwealth* v. *Fontain*, 127 Mass. 452, 455. *Commonwealth* v. *Lobel*, 187 Mass. 288. *Silva* v. *New England Brick Co.* 185 Mass. 151. *Sanger* v. *Newton*, 134 Mass. 308. *Wamesit Power Co.* v. *Lowell & Andover Railroad*, 130 Mass. 455. See also *Bresnick* v. *Heath*, 292 Mass. 293. It has been intimated that the exercise of discretion may be revised at law, not only where there has been an error of law, but also where there has been

an "abuse of . . . discretion," which has been defined as a
view or action "that no conscientious judge, acting intelli-
gently, could honestly have taken." *Davis* v. *Boston Ele-*
*vated Railway*, 235 Mass. 482, 497, 502. *Mantho* v. *Nelson*,
285 Mass. 156. *Skudris* v. *Williams*, 287 Mass. 568. *Mur-*
*nane* v. *MacDonald*, 294 Mass. 372, 374. There may be
some question how far, if at all, abuse of discretion actually
extends beyond error of law. See *Welch* v. *Chase*, 213 Mass.
519, 521; *Nickerson* v. *Glines*, 220 Mass. 333, 335.

The present case is a suit in equity, in which the practice
is more liberal. In equity, questions of discretion, like other
questions of fact, are open on appeal. *Harris* v. *Mackintosh*,
133 Mass. 228, 231. *Lakin* v. *Lawrence*, 195 Mass. 27.
*Electric Welding Co.* v. *Prince*, 200 Mass. 386, 392. *Mul-*
*rey* v. *Carberry*, 204 Mass. 378, 381. *Brockton Olympia*
*Realty Co.* v. *Lee*, 266 Mass. 550, 562, 563. *Old Colony Trust*
*Co.* v. *Third Universalist Society of Cambridge*, 285 Mass. 146,
151. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass.
79, 85. *Beardsley* v. *Hall*, 291 Mass. 411, 413. *Frechette* v.
*Thibodeau*, 294 Mass. 51, 54. But error of law or fact must
be shown by the record on appeal, in order that the discre-
tionary action may be reversed. *Perry* v. *Shedd*, 159 Mass.
200. Even though the basis for the action appears fully in
the record on appeal, some weight should be given to the
exercise of discretion by the court below. *Abbott* v. *Bean*,
285 Mass. 474, 478. *Hollingsworth & Vose Co.* v. *Foxborough*
*Water Supply District*, 171 Mass. 450, 454. *Perry* v. *Pye*,
215 Mass. 403, 410. *Massachusetts Bonding & Ins. Co.* v.
*Peloquin*, 225 Mass. 30. *Briggs* v. *Weston*, 294 Mass. 452,
454.

In the present case, we see no reason to reverse the exer-
cise of discretion in the Superior Court. Though its main
purpose is to do justice, a lawsuit cannot be an endless search
for absolute truth. The interests of the public and of the
parties require that litigation end after both parties have had
reasonable opportunity to present their evidence and argu-
ments. *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467, 471.
A party who fails to preserve his rights at the proper time
cannot renew his contentions as of right at later stages.

*Stillman* v. *Donovan*, 170 Mass. 360. *Beserosky* v. *Mason*, 269 Mass. 325. *Commonwealth* v. *Millen*, 290 Mass. 406, 408. *Kennedy* v. *Currier*, 293 Mass. 435, 439. *Perkins* v. *Horte*, 282 Mass. 301. *Morin* v. *Ellis*, 285 Mass. 370. A party is ordinarily denied the privilege of reopening legal proceedings for the purpose of correcting errors resulting from his own negligence or that of his attorney. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 504, 505. *Kravetz* v. *Lipofsky*, 294 Mass. 80. The delay of five years by the defendant in seeing that the record of the District Court stated correctly judicial action fundamental to the rights of the parties was hardly consistent with diligence. The case was determined, at considerable trouble and expense to the parties and to the public, on the basis of the record as it stood. The Superior Court, on the belated motion of the defendant, was not required to destroy that basis and thus protract the litigation.

*Decree affirmed.*