Pettingell, J.
Supplementary proceedings on a judgment in which a motion to dismiss was filed by the judgment debtor who had been discharged in bankruptcy while the proceedings were pending. The trial judge, considering the motion as a request for a ruling of law, allowed it and dismissed the proceedings. The judgment creditor, claiming to be aggrieved by the dismissal, appeals to this division.
In Winer v. Scharff, 1938 Mass. App. Div. Reports, Vol. No. 3, page 42, this division gave careful consideration to the question whether the Appellate Division of the District Courts have jurisdiction of appeals in supplementary proceedings and decided that there is no such jurisdiction. *140 The appellants now contends that, that decision was wrong and asks us to review and reverse it.
His contention is based upon.the position that Lynn Gas & Electric Co. v. Creditors National Clearing House, 235 Mass. 114, cited in our opinion, was a writ of review, and that Hopkinton v. B. F. Sturtevant Co., 285 Mass. 272, also cited by us, was a petition to vacate a, judgment, and that neither case was an appeal to the Appellate Division. There is nothing to this contention. Bach case involved the validity of an appeal to the Appellate Division, and in each case it was decided definitely that the Appellate Divisions have no jurisdiction of appeals in cases brought in a District Court by compulsion of law. Supplementary proceedings have that status and therefore are not within the jurisdiction, of the Appellate Divisions. •
The appellant argues that we are wrong in our position because, since. St. 1934, C'.- 387, Section 2, motor tort actions, generally, are brought in the. District Court by compulsion of law, and yet, admittedly, are appealable to the Appellate Division. We are not touch moved by the argument because the same statute, (Section 3) specifically provides that for. all cases of that nature, not removed to the Superior Court,'the only appeal, is to the Appellate Divisions. .
For a similar case in which the Appellate Division has no jurisdiction because the proceedings must be brought in .the District Court-by coippulsion of law, see Home Finance Trust v. Rantoul Garage Co., Mass. Adv. Sh. (1938) 637, at 637, 638.
. .Inasmuch as we are of opinion that .there is no jurisdiction in the Appellate Division to deal with this case, there .is no reason why we should consider the issues raised by the appellant as to the effect of the debtor’s discharge in bankruptcy. • . . ■
There being no jurisdiction, the report is to be dismissed.