HOWARD D. SHARPE, petitioner.

COMMONWEALTH *vs.* HOWARD D. SHARPE.

Middlesex.    January 5, 1948. — March 1, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Practice, Criminal,* Exceptions: contents of bill, allowance and establishment; New trial; Judicial discretion.

A bill of exceptions should not have been disallowed as not conformable to the truth where the only nonconforming averment therein was collateral, immaterial and harmless.

It was an abuse of discretion and error for a judge, who presided at the trial of a complaint resulting in conviction of the defendant of violation of a municipal traffic regulation as to traffic signals, to deny a motion for a new trial based upon alleged newly discovered evidence where, for the purpose of his decision on the motion, he took as proved that the traffic signals in question were unlawful, that facts establishing that they were unlawful were unknown to the defendant at the time of trial and that the defendant was not negligent in not learning of those facts before trial.

PETITION, filed in this court on October 18, 1946, to establish the truth of an exception alleged to have been

saved by the petitioner to the denial of his motion for a new trial of the following complaint.

COMPLAINT, received and sworn to in the District Court of Newton on May 8, 1945.

On appeal to the Superior Court, the case was tried before *Leary*, J.

*H. D. Sharpe*, pro se.

*L. C. Sprague*, Assistant District Attorney, for the Commonwealth.

RONAN, J.    This is a petition to establish exceptions to the denial of a motion for a new trial. The defendant was convicted upon a complaint charging him with a violation of a traffic regulation of Newton in that he failed, while operating an automobile, to comply with the directions placed upon an official traffic sign.

The petition was referred to a commissioner who filed a report and a supplementary report. We mention the facts appearing in these reports. The defendant seasonably filed a motion for a new trial which he was permitted to amend. The amendment alleged that the traffic signals as they were installed and maintained at the time of the alleged offence did not comply with the application of the city to the department of public works of the Commonwealth or were not in accord with the permit granted by the said department, and that the traffic lights were not a traffic regulating sign or device maintained by and with the approval of the department; that these facts were not known to the defendant at the time of the trial; and that he was not negligent in not learning of these facts before the trial. At the hearing on this motion the defendant offered several witnesses to prove the allegations of the motion, but the judge said that rather than have the witnesses testify he would consider that they would testify to all the facts alleged in the motion and "for [the] purpose of decision he would take all allegations of the amended motion as proved and agreed that decision on the defendant's amended motion would be made upon the basis that the signal lights were unlawful and all other allegations of the defendant were true." This statement was correctly

stated in the bill of exceptions but the judge suggested that it be changed in a material manner, and upon the failure of the defendant to do so he disallowed the bill as not conformable to the truth. The report of the commissioner shows that the defendant's exception was properly and correctly set forth in the bill of exceptions.

There was a direct statement in the bill of exceptions to the effect that the traffic lights did not comply with the requirements of the department of public works. As to this allegation the commissioner found that it had not been judicially decided as a fact whether or not this was true. The commissioner properly decided that it was not his function to determine that question. This statement was collateral and immaterial to the real issue as to whether the judge erroneously denied the motion after assuming that the traffic lights were unlawfully maintained. Furthermore, the statement was harmless for it went no farther than to state as true a fact which was assumed by the judge to be true in deciding the motion. The defendant did not insist that it be included in his bill of exceptions. A substitute bill of exceptions which was not filed but which was presented to the judge omitted this statement; and while this substitute bill cannot be considered within the present petition, *Moneyweight Scale Co., petitioner*, 225 Mass. 473, 476; *Graustein, petitioner*, 304 Mass. 679, yet it may be considered as showing a willingness upon the part of the defendant to act in good faith in endeavoring to comply with the suggestions of the trial judge. The statement was not intrinsically involved in the only exception saved by the defendant and around which alone the controversy centered. It would have been better if it had not appeared in the bill, but the innocent insertion of an innocuous statement would hardly justify the disallowance of a bill of exceptions if a decision were to be based on that ground. *Markey* v. *Mutual Benefit Life Ins. Co.* 118 Mass. 178, 192. *Morse* v. *Woodworth*, 155 Mass. 233. *O'Connell, petitioner*, 174 Mass. 253, 257. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 391. *Freedman, petitioner*, 222 Mass. 179, 181. *Ray, petitioner*, 314 Mass. 195, 198, 199. The truth

of the only exception alleged by the defendant is established and his bill of exceptions should have been allowed. *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534. *C. F. Hovey Co., petitioner*, 254 Mass. 551.

The judge entertained the motion for a new trial on its merits, and the question is whether the denial of the motion was such an abuse of sound judicial discretion as to constitute an error of law.

It has frequently been said that the action of the judge upon a motion for a new trial on the ground of newly discovered evidence commonly rests upon the exercise of sound judicial discretion and that his decision ordinarily cannot be revised by this court. *Skudris* v. *Williams*, 287 Mass. 568, 570, 571. *White, petitioner*, 304 Mass. 677. *Graustein, petitioner*, 305 Mass. 571, 572. *Boston* v. *Santosuosso*, 307 Mass. 302, 353. *Perry* v. *Manufacturers National Bank*, 315 Mass. 653, 656. It has also been said that it is only in rare instances where the existence of some proved fact requires action in favor of the moving party, or where there is an abuse of judicial power or an excess of jurisdiction or similar error, that the decision on the motion can be reversed. *Commonwealth* v. *White*, 147 Mass. 76, 78. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176. *Cerrato* v. *Miller*, 264 Mass. 533, 534. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. *Bartley* v. *Phillips*, 317 Mass. 35, 44. *Cohen* v. *Peterson*, 320 Mass. 315, 316. When a judge is requested to grant a new trial on the ground of newly discovered evidence, he should not grant the motion unless he is satisfied that the failure to obtain the evidence was not due to any lack of diligence and that the evidence was material. Even if the nature of the evidence is such as to justify a belief that if it had been introduced at the trial the result of the trial would have been different, the judge is not required to grant the motion. *Manzigian* v. *Boyajian*, 183 Mass. 125. *Powers* v. *Bergman*, 210 Mass. 346. *Sherman* v. *Collingwood*, 221 Mass. 8. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173. *Henry L. Sawyer Co.* v. *Boyajian*, 298 Mass. 415. *DeLuca* v. *Boston Elevated Railway*, 312 Mass. 495.

Judicial discretion has often been defined in our decisions, and what has been there said need not be repeated here. *Scituate Water Co.* v. *Simmons*, 167 Mass. 313, 314. *Winthrop* v. *Athol*, 216 Mass. 79, 80. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 277. *Long* v. *George*, 296 Mass. 574, 578. *Knapp* v. *Graham*, 320 Mass. 50, 55.

The fundamental test in determining the correctness of the action of a trial judge in denying a motion for a new trial on the ground of newly discovered evidence is that the decision of the judge is not to be reversed unless a survey of the whole case shows that his decision, unless reversed, will result in manifest injustice. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495. *Madden* v. *Boston Elevated Railway*, 284 Mass. 490, 494. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 507. To allow a conviction to stand for the doing of a particular act which, according to the facts assumed by the judge in deciding the motion, could not possibly come within the ordinance upon which the prosecution was based would be an injustice. It was said in *Commonwealth* v. *Andler*, 247 Mass. 580, 582, "To permit a sentence to stand for that which is not a crime would shock judicial conscience and result in a palpable miscarriage of justice." See *Commonwealth* v. *Bracy*, 313 Mass. 121; *Commonwealth* v. *Lombard*, 321 Mass. 294.

The denial of the motion, when considered with the statement of the judge that he would find as facts all the facts set forth in the amended motion and that he would decide the motion upon the basis of those facts, was the equivalent of a ruling that upon those facts the motion could be denied. This ruling was wrong. The defendant obviously was not guilty of the offence charged if the traffic signals were not lawfully maintained. The denial of the motion was error.

*Bill of exceptions established.*
*Exceptions sustained.*