BURCHFIELD, Admr., Plaintiff-Appellant, v. OMAR, INC., d. b. a. OMAR BAKERY, a Corporation et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4988. Decided February 8, 1954.

Paul M. Herbert, James R. Burchfield, Columbus, for plaintiff-appellant.

468

Ingalls & Jones, Gene A. Jones, of Counsel, Columbus, for defendants-appellees.

**OPINION**

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court sustaining the motion of the defendant, Omar Bakery, for a new trial on the following grounds:

(1) Excessive damages appearing to have been given under the influence of passion and prejudice.

(2) That the final order, judgment or decree is not sustained by sufficient evidence and is contrary to law.

The action was one for damages arising out of the death of an eighteen month old female child caused by a bakery truck of the defendant, Omar Bakery, while backing out of a private driveway. A verdict was returned in favor of the plaintiff in the sum of $20,000.00.

The first question for consideration is whether the order sustaining the motion for a new trial is a final order since a motion to dismiss has been filed by defendant-appellee. The latest pronouncement on this question by our Supreme Court is found in the case of **Green v. Acacia Mutual Life Insurance Co., 156 Oh St 5,** which holds that it is not such unless the Court abused its discretion in so doing. The meaning of the term "abuse of discretion" connotes something more than an error of law or of judgment. Black's Law Dictionary (2 Ed.) 11. Such term has been defined as,

"A view or action 'that no conscientious judge, acting intelligently, could honestly have taken.' " Long v. George, 296 Mass., 574, 579.

The term is defined in the case of **Steiner v. Custer, 137 Oh St 448,** second paragraph of the syllabus:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

We have examined the lengthy opinion of the trial court and find that he has carefully analyzed the Ohio authorities with reference to the amount of compensation that has been allowed in similar cases, and after so doing, he arrived at the conclusion that the damages were excessive and given under the influence of passion and prejudice. We have examined the Ohio authorities on the question also and it is our conclusion that the trial judge was not motivated by any unreasonable, improper or arbitrary consideration.

In the case of **Immel v. Richards, 154 Oh St 53,** our Supreme Court recently gave consideration to a similar question. This case involved an award of only $5000.00 for the death of a male child, nine months of age, and coming from a family whose social status and financial cir-

cumstances were quite like those of the plaintiff's decedent. In this case one member of the court dissented for the reason that the judgment was excessive and such as to indicate passion and prejudice. If the plaintiff is correct in his reasoning it would also have to be said that this member of the Supreme Court also exercised an abuse of discretion in arriving at his conclusion.

It is also urged that the trial court should have ordered a remittitur if he thought the judgment was excessive, citing the case of **Bartlebaugh v. Pennsylvania Railroad Co., 150 Oh St 387.** In this case it appears that the appellant sought either a remittitur or a reversal in the reviewing court and it was there held that a remittitur may be ordered if agreed to by the appellee. We find nothing in the record to indicate that either party requested a remittitur in the trial court; hence, it may not be said that failure to so order constituted an abuse of discretion. A remittitur may not be requested in this court, for as previously stated, this court has no jurisdiction to entertain the appeal.

The motion to dismiss will be sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.