COMMONWEALTH *vs.* JOHN DANIELS.  April 29, 1971.  The defendant, who was convicted in the Superior Court of armed robbery, has appealed under G. L. c. 278, §§ 33A–33G, alleging two errors on the part of the trial judge. He first complains of the exclusion by the judge of a question on cross-examination of the victim of the robbery designed to show that the witness had said nothing at a hearing in the District Court of the fact to which he testified in the Superior Court that the robber in the course of the robbery had sprayed him in the eyes.  In the instant case there was no evidence that, at the District Court hearing, the witness was asked about this.  Exclusion of the

question was not an abuse of the discretion of the trial judge. *Commonwealth* v. *Makarewicz*, 333 Mass. 575, 593–594. *Cleary* v. *St. George*, 335 Mass. 245, 250. The second alleged error assigned is the denial of a motion for a new trial on the ground of newly discovered evidence based on confessions relative to the robbery made to the police by various individuals after the defendant had been sentenced. The trial judge listened at length to conflicting accounts of the circumstances which prompted the confessions, all of which were later retracted. He had them before him and they were inconsistent with each other to some extent, as well as with the events as recounted at the trial. In these circumstances he acted well within his discretion in denying the motion for a new trial upon consideration of all the evidence. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32–33. *Sharpe, petitioner*, 322 Mass. 441, 445. *Commonwealth* v. *Stout*, 356 Mass. 237, 242. *Commonwealth* v. *Robertson*, 357 Mass. 559, 561–563.

*Judgment affirmed.*

*Alexander Whiteside, II* (*Reuben Goodman* with him) for the defendant.
*William R. Flynn*, Assistant District Attorney, for the Commonwealth.