## COMMONWEALTH OF MASS.
v.
## William J. LEVENTHAL

Cri. Nos. 11814-16,
11858, 12357,
12359 & 12361

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

February 12, 1981

Mark Newman (ADA) for the plaintiff.
John P. Moss, Jr. for the defendant.

## FINDINGS, RULINGS AND ORDER ON THE DEFENDANT

## LEVENTHAL'S "MOTION FOR A NEW TRIAL PURSUANT TO RULE 30(b), MASS. R. CRIM. PRAC."

### Introduction

GARRITY, J. In the above motion the defendant seeks the grant of a new trial, that discovery be authorized and that counsel be appointed or assigned to represent him. Competent counsel has been appointed and appropriate discovery has been authorized and, I believe, obtained. The defendant claims that he is entitled to a new trial on the basis that there was juror contact with a prosecution witness during his [the defendant's] trial in 1965 and that after being informed of that fact the prosecutor failed to report the contact to the trial judge.

### Background

The defendant and a co-defendant, one Hamblen, who has since deceased, were convicted in March, 1965 of multiple larcenies, making false entries in books of accounts, conspiracy, and making fraudulent loans, all with respect to the property of American Discount Corporation ("ADC"). See, Commonwealth v. Hamblen, 352 Mass. 438 (1967). That same year ADC brought a bill in equity against both the defendant and Hamblen seeking to recover its losses. The defendant and Hamblen assented to a final decree assessing damages against them in the amount of $750,000 in that litigation which the defendant later unsuccessfully sought to have vacated in three separate pro se actions alleging abuse of process; duress, coercian and extortion; and fraud and deceit respectively. See, Leventhal v. Dockser, 358 Mass. 799 (1970), Leventhal v. Dockser, 361 Mass. 894 (1972) and Leventhal v. American Discount Corporation, 362 Mass. 855 (1972). In May, 1965, the defendant was incarcerated as a consequence of his conviction and he then filed a motion for a new trial on the ground that he was not permitted to renew exceptions. That motion was later denied, see, Hamblen, supra, at 446, as was the defendant's later writ of habeas corpus claiming ineffective assistance of counsel. See, Leventhal v. Gavin,

396 F.2d 441 (1968). In 1972 the defendant filed another motion for a new trial of his 1965 conviction claiming various improprieties by the trial judge whose denial of the motion was affirmed in **Commonwealth v. Leventhal**, 364 Mass. 716 (1974).

## Facts

The defendant's current motion, filed in September, 1979, seeks relief based upon purported prosecutorial misconduct. By way of evidence in support of his motion, the defendant has presented transcripts of the depositions of Louis Blak, Aaron Rosenberg, and Frank Palumbo (prosecution witnesses at the defendant's 1965 trial); of Kenneth Lawrence and Will Bangs (ADC's attorneys); of Murray Reiser and Robert Snider (the assistant district attorney who prosecuted the 1965 trial and his trial assistant) and of Thomas Sherlock (an alternate juror at the 1965 trial); the transcript of the 1965 trial and his own testimony.

The defendant's claimed prosecutorial misconduct arises out of the following events: At the end of one of the days of the thirty-three day trial which led to the defendant's conviction, Rosenberg, a director of ADC as well as a prosecution witness, gave a hitchhiking juror a ride home. Many people were hitchhiking on that day because of an MBTA breakdown. The hitchhiker recognized Rosenberg and identified himself as a juror, whereupon Rosenberg, who apparently had been unaware of the identity of his passenger, informed him that they could not discuss the trial. (First Rosenberg deposition at 2-23). The entire incident took seven to eight minutes (Second Rosenberg deposition at 37).

Rosenberg informed Assistant District Attorney Reiser of the incident on the following day. Reiser replied that if no discussion of the case occurred he [Rosenberg] should not be alarmed as it was a coincidental and "freak" incident. (First Rosenberg deposition at 2-25). Neither the trial judge, the defendant, nor defense counsel were informed of the incident. Reiser himself has no present memory of the incident although

Snider vaguely remembers it. (Snider's deposition at 16).

## Issues

The defendant presses two arguments, either of which alone, he claims, is sufficient to warrant granting him a new trial. First, he argues that a new trial should be allowed, either as a matter of law or in the exercise of discretion, because of the improper contact between a juror and the prosecution witness. His second ground for a new trial is the fact of the alleged prosecutorial misconduct in not reporting the juror-witness conversation either to the trial judge or defense counsel.

The Commonwealth argues first that the defendant has waived these claims because he knew of the witness-juror contact as early as 1970 but did not act on it. The defendant included these allegations in each of three separate civil actions against ADC in 1970 and again in his brief to the Supreme Judicial Court in 1971. See, Commonwealth's Memorandum In Opposition To Defendant's Motion for New Trial, pp. 7-8. Secondly, the Commonwealth urges that on the merits the defendant's claims must fail.

## Rulings
### Juror-witness contact

**Commonwealth v. Fidler**, 1979 Mass. Adv. Sh. 240, sets out the burden of proof of the respective parties in a motion for a new trial based on extraneous influences on jurors. The defendant "bears the burden of demonstrating that the jury were in fact exposed to extraneous matter." **Id.** at 251. If the defendant meets that burden the Commonwealth must then "show beyond a reasonable doubt that [the defendant] was not prejudiced by the extraneous matter." **Id.**

The defendant argues that by introducing undisputed evidence that a conversation took place between the juror and Rosenberg, he has met his burden of proving that the jury was exposed to an extraneous matter and the burden now "rests squarely with the Commonwealth to prove beyond a reasonable doubt that the extraneous in-

fluences were harmless." Defendant's Brief on Motion for New Trial, p. 12. However, a fair reading of Fidler indicates that the term "extraneous matter" refers not to any and all conversations between a juror and a witness but only to conversations regarding "specific facts not mentioned at trial concerning one of the parties or the matter in litigation." Id. at 250. See, Commonwealth v. Lovett, 374 Mass. 394, 401 (1978) (construing similar rule of Remmer v. United States, 347 U.S. 227, 229 (1954) as applying "only to communications about the matters pending before the court").

There was no evidence to the effect that the case was discussed by the juror and Rosenberg; the only evidence on the issue is Rosenberg's denial of any such discussion. The deposition of Palumbo contains descriptions of the incident as related to him by Rosenberg on the following day. His description of the incident does not vary in any material manner from Rosenberg's version. (Palumbo's deposition at 2-7, 8, 9, 10). The defendant has thus failed to meet his initial burden of proving that the jury were exposed to extraneous matters. "The prevailing view is that mere casual conversation, unrelated to the issues of the case, held between a witness and a juror is not so improper as to constitute reversible error." Lovett, supra, at 401.

The defendant is admittedly hindered in his efforts to ascertain more fully the nature of the conversation between the juror and Rosenberg, as the identity of juror cannot be determined at this time. There is no existing jury list from the trial. However, failures, if any, in the Commonwealth's recordkeeping cannot by themselves be the basis of granting the defendant a new trial when he cannot establish an essential element of his case. While there is a presumption that a juror-witness conversation concerning the case being tried is prejudicial, there is, of course, no presumption upon mere proof of a juror-witness conversation that the discussion concerned the case. Furthermore, the defendant, through his nine-year delay in bringing this issue before the Court, must share part of the responsibility for the sketchy factual basis on which this issue must now be decided. See, **Sharpe, Petitioner,** 322 Mass. 441, 444 (1948).

## Prosecutorial Non-Disclosure

Although there are no cases on point, there is little doubt that a prosecutor who learns of a conversation between a juror and a witness should immediately disclose what he has learned to the trial judge. "It is the Commonwealth's duty 'not merely to secure convictions . . . [but] to secure them with due regard to the constitutional and other rights of the defendant'. Smith v. Commonwealth, 331 Mass. 585, 591 (1954)." Commonwealth v. Napolitano, Mass.Adv.Sh. (1979) 1955, 1966.

The critical issue here, however, is whether the prosecutor's failure to do so in a case that occurred over fifteen years ago warrants a new trial for the defendant. As was the case with the defendant's first claim, the key factor is the seriousness of the juror-witness contact, i.e., whether the case was discussed. Again, there is no evidence of any such discussion of the case. Analogizing to a prosecutor's non-disclosure of evidence, the materiality of what was not disclosed is crucial because "the Federal Constitution does not require a new trial on the ground that the prosecutor's decision with respect to a marginally useful item of evidence was not what it might have been under ideal circumstances." **Commonwealth v. Beneficial Finance Company,** 360 Mass. 188, 318 (1971).

The defendant cites Supreme Judicial Court Rule 3:22A, which requires in pertinent part: "A juror improperly approached by counsel or any other person should communicate the circumstances to the judge promptly. A prosecutor or defense lawyer receiving such a report should refer the juror to the judge forthwith." Aside from the semantic niceties of whether the prosecutor in this case in fact violated the rule; i.e., it is arguable that Rosenberg's accidental encounter with the juror did not constitute an "improper approach", the argument is of little avail to the defendant for at least two reasons. First, as was noted by the defendant, the disciplinary rules "ar

not published as criteria ... to determine the validity of a conviction." S.J.C. Rule 3:22A (paragraph one). Second, the rule only applies to conduct occurring after March 1, 1979. Id. (paragraph four).

Finally, my review of the transcript of the 1965 trial indicates there was no miscarriage of justice in this case, which at some point should end.

## Conclusion
## Order

For the reasons stated above the defendant's Motion for a New Trial is ORDERED denied.

Paul Garrity
Justice of the Superior Court