Following a jury trial in the Superior Court, the defendant was convicted of assault with intent to rape and assault and battery by means of a dangerous weapon. The charges arose from an incident in which the defendant attempted forcibly to insert a small glass bottle into his wife's vagina, breaking the bottle and cutting his wife's inner thighs in the process. After the defendant's motion for a new trial was denied by the trial judge, that order, and the judgments, were affirmed by a different panel of this court in an unpublished decision issued pursuant to our rule 1:28. See Commonwealth v. Martineau, 89 Mass. App. Ct. 1109 (2016).
While his appeal was pending, the defendant filed in the trial court a motion pursuant to G. L. c. 278A, § 3, seeking forensic testing of (1) broken glass pieces containing blood, (2) a wine bottle, and (3) a cork. The defendant sought a court order to conduct "Raman spectroscopy" testing on the evidence which, the defendant claims, would differentiate menstrual blood from peripheral blood. In support of the motion, the defendant filed an affidavit in which he states that testing the glass pieces for the presence of menstrual blood "could discredit the complaining witness's accounts ... of an alleged assault." He claims that testing the glass pieces, the wine bottle, and the cork would reveal the absence of the defendant's deoxyribonucleic acid, "suggest[ing] that the alleged assault never occurred and that the complaining witness fabricated the underlying crimes." A motion judge who was not the trial judge denied the defendant's motion in a margin endorsement. The defendant appeals.
Discussion. We consider de novo the question whether the defendant's motion and supporting affidavits meet the requirements of G. L. c. 278A, § 3. See Commonwealth v. Wade, 467 Mass. 496, 506 (2014). In deciding whether the defendant has met his threshold burden under G. L. c. 278A, § 3(b )(4), "it is necessary to consider only whether the test results could be material to the question of the identity of the person who committed the criminal act of which the moving party was convicted." Wade, supra at 508. The defendant is not required to "establish[ ] a reasonable probability of a more favorable result at trial" had the testing been conducted, ibr.US_Case_Law.Schema.Case_Body:v1">id. at 507 ; rather, "the critical inquiry is whether such testing has the 'potential' to result in material identification evidence." Commonwealth v. Lyons, 89 Mass. App. Ct. 485, 495 (2016).
Here, the victim was the defendant's wife. She testified that he inflicted her injuries. The issue in the case was not whether it was the defendant or some other person who injured the victim, but whether the assault occurred at all. As the panel noted in its decision affirming the judgments, "the defendant received the benefit of ... testimony ... that ... highlighted several inconsistencies with [the victim's] account of the incident." The jury convicted the defendant notwithstanding those inconsistencies, and whether or not the victim was menstruating at the time of the incident would be, at best, marginally relevant to her credibility. It could not be "material to the question of who committed the" assaults of which the defendant was convicted. Wade, supra at 508.
Order denying motion for forensic analysis affirmed.