NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-990

COMMONWEALTH

vs.

HENRY MARTINEAU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2011, the defendant was convicted of assault with intent to rape and assault and battery by means of a dangerous weapon. In 2016, a panel of this court affirmed his convictions and the denial of his motion for new trial, and for reconsideration. Commonwealth v. Martineau, 89 Mass. App. Ct. 1109 (2016).[1]  In 2018, the defendant filed a second motion for new trial, and a request for funds to retain a forensic pathologist and to examine the evidence.  That motion was denied, but the parties

_____

[1] In 2015, while his appeal was pending, the defendant filed a motion for postconviction forensic testing pursuant to G. L. c. 278A.  On March 22, 2016, then-Superior Court Justice Kimberly Budd denied the motion.  In 2017, the court affirmed the denial of that motion.  Commonwealth v. Martineau, 92 Mass. App. Ct. 1108 (2017).

reached an agreement to conduct deoxyribonucleic acid (DNA) testing on glass fragments. In 2023, after those tests were conducted, the defendant filed a third motion for new trial, which too was denied. From this denial, and from the denial of an evidentiary hearing, the defendant appeals. We affirm.

1. Motion for new trial. a. DNA evidence. The defendant claims the motion judge erred by denying the third motion for new trial where the expert evidence provided substantial support for the defendant's claim that he did not assault the victim, and that her wounds were self-inflicted. We disagree.

Under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), a judge may grant a motion for a new trial any time "it appears that justice may not have been done." To prevail on a motion for a new trial based on newly discovered evidence, the defendant must first establish that the evidence is newly discovered. See Commonwealth v. Grace, 397 Mass. 303, 305 (1986). Second, the defendant must show that the newly discovered evidence "casts real doubt on the justice of the conviction" and is "material and credible . . . [and] carr[ies] a measure of strength in support of the defendant's position." Id. Third, the defendant must establish that the reason for a new trial "outweighs the risk of prejudice to the Commonwealth." Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 636 (2001).

2

On appeal, it is well recognized that the decision to grant a motion for a new trial "rests in the sound discretion of the [motion] judge," absent constitutional error.  Commonwealth v. Brown, 378 Mass. 165, 170-171 (1979).  We review a judge's decision on a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion."  Grace, 397 Mass. at 307.  The defendant argues that de novo review applies here because the motion judge did not preside over the trial or conduct an evidentiary hearing.  We need not resolve that question.  Under either standard of review, a motion judge's decision "is not to be reversed unless a survey of the whole case shows that [the] decision, unless reversed, will result in manifest injustice."  Brown, supra at 171, quoting Sharpe, petitioner, 322 Mass. 441, 445 (1948).  See Commonwealth v. Eagles, 491 Mass. 210, 216, 222 (2023).  Producing evidence that could have influenced the trier of fact to reach a different result does not demonstrate manifest injustice.  Brown, supra at 171.  Instead, "the evidence 'must be weighty and of such nature as to its credibility, potency, and pertinency to fundamental issues in the case as to be worthy of careful consideration.'"  Id., quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 495 (1920).

As a starting point, we must address whether the DNA evidence is newly discovered. The motion judge determined that because the PowerPlex Y23 test used here was not available at the time of the defendant's 2011 trial, the evidence was "newly available." For purposes of this appeal, the Commonwealth does not contest that determination, but notes that other varieties of DNA testing were available in 2011 that could inculpate or exculpate a suspect. What neither party nor the motion judge addressed was the question of waiver. That is, even if the evidence was not available at the time of the 2011 trial, whether it was available at the time of the first or second motions for new trial in 2014 and 2018, respectively. See Commonwealth v. Barros, 494 Mass. 100, 113 (2024); Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001). As it does not affect our decision, we will assume, but need not decide, that the evidence was newly discovered.

As the motion judge found:

"of the samples tested, Bode [Technology] found no male DNA on sample #03, and Bode was unable to obtain a Y-STR profile from samples #01 and #02. Bode did recover Y-STR alleles at two loci on sample #04, which it then compared to the defendant's Y-STR profile. From that comparison, Bode excluded the defendant as a possible contributor of the two alleles from sample #04. This conclusion is consistent with the defendant's defense that he did not handle the glass items."

4

As the motion judge held, the defendant did not meet his burden to show that the test result excluding him as a contributor to the small amount of DNA detected on one of the four swabs tested would have been a "real factor" in the jury's assessment of the evidence. See Commonwealth v. Duguay, 492 Mass. 520, 532 (2023). As the panel noted in the defendant's 2017 appeal, "[t]he issue in the case was not whether it was the defendant or some other person who injured the victim, but whether the assault occurred at all." Commonwealth v. Martineau, 92 Mass. App. Ct. 1108 (2017). In fact, the defendant's expert, Dr. Steven Laken, concluded that the failure to detect a person's DNA on an object does not necessarily indicate that the person did not touch the object, and, conversely, owing to a phenomenon known as secondary transfer, the presence of a person's DNA does not necessarily mean that person did touch the object. In this light, it was neither error nor an abuse of the motion judge's discretion to conclude that the DNA tests carried little, if any, exculpatory value, and that it would not have been a real factor in the jury's deliberations or cast doubt on the defendant's conviction. See Brown, 378 Mass. at 171 (merely producing evidence that could have influenced jury to reach different result does not demonstrate manifest injustice).

5

b.  Effective assistance and other forensic evidence.  The defendant also claims that the motion judge erred or abused his discretion in finding that his trial counsel was not ineffective for not having procured the testimony of a forensic expert to support his claim that the victim's injuries were self-inflicted.  We disagree.

As the motion judge found, in support of his ineffective assistance claim, the defendant offered the opinion of Dr. Elizabeth Laposata, a forensic pathologist.  Laposata opined first on a preliminary basis, and then after examination of the glass fragments, that the victim's injuries were self-inflicted.  Without the support of Laposata's opinion, this was the defense at trial.  The defendant's trial counsel provided a letter that stated to the best of his recollection he had considered retaining an expert to support that defense but chose instead to try to accomplish that goal through cross-examination and argument.  For purposes of ineffective assistance, we must determine if the motion judge erred or abused his discretion by concluding that this strategic choice was not manifestly unreasonable.  See Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015).  He did not.

In short, because the theory advanced by Laposata was brought to the jury's attention by other means,[2] defense counsel's choice to not retain an expert did not result in ineffective assistance of counsel. As the motion judge cataloged, the victim's medical records indicated that her wounds were superficial, and it was unclear to the examining doctor how they were inflicted or by what means. Additionally, photographs were provided to the jury that depicted the superficial nature of the wounds. Both the treating physician and a nurse testified to the superficial nature of the wounds and the small amount of bleeding. Finally, defense counsel used the fact that the victim was apparently not in the United States legally, to support the idea that she staged the assault to force the defendant's assistance with her immigration status.

Against the backdrop of this evidence, defense counsel was able to contend that the victim's wounds were superficial and

_____

[2] The Commonwealth contends that it is questionable whether Dr. Laposata's opinion would have been admissible had she been called to testify. There is some weight to this supposition, as Laposata, aside from reciting her training and experience, did not identify what scientific principles, methods, or processes formed the basis for her conclusion that a fragment of glass was too small to be wielded by another person, but not too small to be wielded by the victim herself. See Commonwealth v. Hoose, 467 Mass. 395, 416 (2014); Commonwealth v. Lanigan, 419 Mass. 15, 26 (1994); Mass. G. Evid. § 702(c) (2025). Like the motion judge, we need not decide whether Laposata's opinion would have been admissible.

7

self-inflicted, and that the blood in the police cruiser might have been menstrual blood and not the result of her injury. Accordingly, Laposata's testimony would have been cumulative of the evidence defense counsel did employ, and its absence did not leave the defendant without a defense. Compare Commonwealth v. Street, 388 Mass. 281, 287 (1983). While the strategic choice defense counsel made was ultimately not successful, it was nonetheless rational and fully within the parameters of what would be expected of an ordinary fallible lawyer. See Kolenovic, 471 Mass. at 675. In this light, the defendant has failed to demonstrate that counsel's decision to not call an expert witness was manifestly unreasonable. The motion judge neither erred nor abused his discretion in so deciding.[3]

2. Evidentiary hearing. Finally, the defendant claims that the motion judge abused his discretion by not holding an evidentiary hearing on the motion for new trial. We disagree.

Here, the affidavits and reports submitted in support of the motion for new trial provided sufficient information for the judge to decide the motion. As he noted, there was no reason to

---

[3] Contrary to the defendant's claim, the motion judge did not merely evaluate the DNA and pathology evidence individually, and not in concert. The motion judge properly weighed the evidence and clearly noted that the combination of the Bode testing and the absence of Laposata's proffered testimony did not create a substantial risk of a miscarriage of justice. Cf. Commonwealth v. Epps, 474 Mass. 743, 767 (2016).

8

think that either Doctors Laken or Laposata would have testified in any way that would have provided any additional information relevant to the motion.  See Commonwealth v. DeVincent, 421 Mass. 64, 68-69 (1995).  In the end, it was neither an error nor an abuse of discretion for the motion judge to deny the motion for a new trial without conducting an evidentiary hearing where the defendant's submissions raised no substantial issues.  See Commonwealth v. Scoggins, 439 Mass. 571, 578 (2003).

Order denying third motion for new trial affirmed.

By the Court (Meade, Shin & Tan, JJ.[4]),

Clerk

Entered:  July 15, 2025.

---

[4] The panelists are listed in order of seniority.